THE STATE EX REL. FOOR, APPELLANT, *v.* ROCKWELL INTERNATIONAL ET AL., APPELLEES.

[Cite as *State ex rel. Foor v. Rockwell Internatl.* (1997), 78 Ohio St.3d 396.]

(No. 95–271—Submitted March 4, 1997—Decided May 14, 1997.)

*Jurus Law Offices* and *Michael J. Muldoon*, for appellant.

*Porter, Wright, Morris & Arthur, Diane C. Reichwein* and *Christopher C. Russell*, for appellee Rockwell International.

*Betty D. Montgomery*, Attorney General, and *Yolanda V. Vorys*, Assistant Attorney General, for appellee Industrial Commission.

---

*Per Curiam.* The only allowed condition in this claim is "right thoracic myositis." Claimant asked the commission to formally recognize "bilateral radiculopathy" as an allowed condition. The commission refused.

Claimant did not prevail on appeal to the courts because they viewed the commission's order as one involving extent of disability—a nonappealable order. R.C. 4123.512. They reached that conclusion by characterizing bilateral radiculopathy not as a "condition"—which would have made the commission's order appealable on "right to participate" grounds—but as a "symptom." This characterization, according to claimant, compels the award of temporary total disability compensation.

Claimant's reasoning is somewhat unclear. Perhaps claimant believes that in characterizing bilateral radiculopathy as a symptom and not a condition, the courts inherently declared that bilateral radiculopathy was causally related to claimant's industrial injury. Contrary to claimant's belief, however, neither court addressed the causal-relationship question.

Claimant may also theorize that the invalidation of the commission's disallowance of bilateral radiculopathy as a condition neutralizes the only reasoning the commission offered for refusing to award temporary total disability compensation, and that this, in turn, compels compensation. This theory lacks merit.

The lack of "some evidence" supporting the denial of temporary total disability compensation does not automatically translate into "some evidence" supporting its award. *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 542 N.E.2d 1105. Claimant retains the burden of establishing the

necessary prerequisites to eligibility for temporary total disability compensation. Claimant cannot do so here. Claimant's proffered certification of temporary total disability is based on his bilateral radiculopathy. Dr. Weisenburger, on whom the commission relied, stated that claimant's bilateral radiculopathy was not caused by his industrial injury. Thus, regardless of the label applied—"symptom" or "condition"—a lack of causal relationship disqualifies bilateral radiculopathy as a basis for temporary total disability compensation.

Claimant argues that Weisenburger's report cannot support the commission's denial of temporary total disability compensation prior to April 10, 1989, since Weisenburger did not examine claimant until that date. Claimant's reliance, however, on *State ex rel. Case v. Indus. Comm.* (1986), 28 Ohio St.3d 383, 28 OBR 442, 504 N.E.2d 30, is misplaced. *Case* indicates that a doctor cannot offer an opinion on a claimant's extent of disability for a period that preceded the doctor's examination of the claimant. Logic supports this principle. A claimant's condition can change with time, and simply because a claimant was not temporarily totally disabled at one point does not mean that claimant could not be so disabled later.

In this case, the relevant portion of Dr. Weisenburger's report involved causal relationship, not extent of disability. This is a critical distinction. The original causal relationship of a symptom/condition to an industrial injury—unlike the extent of disability—does not change with the passage of time. Dr. Weisenburger's report, therefore, keeps its evidentiary viability and is "some evidence" justifying the commission's denial of temporary total disability compensation.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.