[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 396.]

THE STATE EX REL. FOOR, APPELLANT, *v.* ROCKWELL INTERNATIONAL ET AL.,
APPELLEES.

[Cite as *State ex rel. Foor v. Rockwell Internatl.*, 1997-Ohio-200.]

*Workers' compensation—Application for temporary total disability compensation—Denial of claim by Industrial Commission supported by "some evidence," when.*

(No. 95-271—Submitted March 4, 1997—Decided May 14, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD12-1751.

_____

{¶ 1} Appellant-claimant, Noel E. Foor, was injured in 1987 in the course of and arising from his employment with appellee Rockwell International. His workers' compensation claim was subsequently allowed for "right thoracic myositis." Sometime in mid-1989, claimant moved appellee Industrial Commission of Ohio to additionally allow his claim for "bilateral radiculopathy." In August 1989, he separately filed a motion with the commission for payment of temporary total disability compensation commencing January 24, 1989.

{¶ 2} Several medical reports are contained in the record. The only reports that address claimant's ability to return to his former position of employment are a January 24, 1989 narrative from Dr. J. Paul Martz and a C84 "Physician's Report Supplemental" from Dr. G.E. Konold. Dr. Martz certified claimant's inability to return to his former job, but based his opinion on "chronic cervicodorsal and lumbar ligamentous strain; degenerative disc disease C5-C6"—none of which are allowed conditions. Dr. Konold attributed claimant's disability in part to "bilateral upper extremity weakness/pain." Dr. Robert A. Weisenburger, an orthopedic surgeon, specifically concluded however that claimant's bilateral radiculopathy was unrelated to his industrial injury. Dr. Weinsenburger stated in his report:

"* * * [T]he original diagnosis was that of a myositis of the musculature of the shoulder. He was treated conservatively and after a period he returned to employment. His employment was at a lighter level than he had been doing previously and after he was back to work for somewhat over a year he then noted radiation of pain into his upper extremities. It should be noted that the radicular pain into his upper extremities anatomically would originate from the cervical spine and his difficulty was in [the] right thorax which is below the level of the cervical spine. Also, the fact that he did well for over one year and then the radiculopathy became apparent leads one to believe that the accident of April 29, 1987 was not the cause of his bilateral upper extremity radiculopathy."

{¶ 3} A district hearing officer denied claimant's motions on January 18, 1990, as follows:

"Claimant's C-86 for an additional allowance of bilateral radiculopathy is denied, and therefore, said condition is specifically denied, Dr. Weisenburger's report of 12-5-89 is found to be persuasive.

"Claimant's two C-86 motions for temporary total compensation one filed 1/4/90 and one filed 8/16/89, are both denied. Both temporary total compensation motions rely on the condition for which the additional allowance was requested, and, as is indicated above, the additional allowance was denied. Temporary total compensation is, therefore, specifically disallowed for the period from 1/24/89 through 12/18/89."

{¶ 4} The order was administratively affirmed.

{¶ 5} Claimant appealed the commission's refusal to recognize bilateral radiculopathy to the Court of Common Pleas of Licking County. Rockwell moved for summary judgment. The court sustained that motion, holding that the commissioner's order was not appealable. The court reasoned that radiculopathy was a symptom of a larger condition and not a condition itself. Because radiculopathy was not a "condition," the commission's order related to the "extent

2

of disability" and hence was not appealable. The Court of Appeals for Licking County affirmed.

{¶ 6} Seizing upon the reasoning that bilateral radiculopathy was not a condition, claimant challenged the commission's denial of his claim for temporary total disability compensation by filing this action in mandamus in the Court of Appeals for Franklin County. The court of appeals denied the writ, concluding that regardless of whether it was considered a symptom or condition, bilateral radiculopathy, according to Dr. Weisenburger, was unrelated to claimant's industrial injury. Accordingly, the court of appeals found that the commission did not abuse its discretion in denying temporary total disability compensation and denied the writ.

{¶ 7} This cause is now before this court upon an appeal as of right.

*Jurus Law Offices* and *Michael J. Muldoon*, for appellant.

*Porter, Wright, Morris & Arthur, Diane C. Reichwein* and *Christopher C. Russell*, for appellee Rockwell International.

*Betty D. Montgomery*, Attorney General, and *Yolanda V. Vorys*, Assistant Attorney General, for appellee Industrial Commission.

_____

*Per Curiam*.

{¶ 8} The only allowed condition in this claim is "right thoracic myositis." Claimant asked the commission to formally recognize "bilateral radiculopathy" as an allowed condition. The commission refused.

{¶ 9} Claimant did not prevail on appeal to the courts because they viewed the commission's order as one involving extent of disability—a nonappealable order. R.C. 4123.512. They reached that conclusion by characterizing bilateral radiculopathy not as a "condition"—which would have made the commission's order appealable on "right to participate" grounds—but as a "symptom." This

characterization, according to claimant, compels the award of temporary total disability compensation.

{¶ 10} Claimant's reasoning is somewhat unclear. Perhaps claimant believes that in characterizing bilateral radiculopathy as a symptom and not a condition, the courts inherently declared that bilateral radiculopathy was causally related to claimant's industrial injury. Contrary to claimant's belief, however, neither court addressed the causal-relationship question.

{¶ 11} Claimant may also theorize that the invalidation of the commission's disallowance of bilateral radiculopathy as a condition neutralizes the only reasoning the commission offered for refusing to award temporary total disability compensation, and that this, in turn, compels compensation. This theory lacks merit.

{¶ 12} The lack of "some evidence" supporting the denial of temporary total disability compensation does not automatically translate into "some evidence" supporting its award. *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 542 N.E.2d 1105. Claimant retains the burden of establishing the necessary prerequisites to eligibility for temporary total disability compensation. Claimant cannot do so here. Claimant's proffered certification of temporary total disability is based on his bilateral radiculopathy. Dr. Weisenburger, on whom the commission relied, stated that claimant's bilateral radiculopathy was not caused by his industrial injury. Thus, regardless of the label applied—"symptom" or "condition"—a lack of causal relationship disqualifies bilateral radiculopathy as a basis for temporary total disability compensation.

{¶ 13} Claimant argues that Weisenburger's report cannot support the commission's denial of temporary total disability compensation prior to April 10, 1989, since Weisenburger did not examine claimant until that date. Claimant's reliance, however, on *State ex rel. Case v. Indus. Comm.* (1986), 28 Ohio St.3d 383, 28 OBR 442, 504 N.E.2d 30, is misplaced. *Case* indicates that a doctor cannot

offer an opinion on a claimant's extent of disability for a period that preceded the doctor's examination of the claimant. Logic supports this principle. A claimant's condition can change with time, and simply because a claimant was not temporarily totally disabled at one point does not mean that claimant could not be so disabled later.

{¶ 14} In this case, the relevant portion of Dr. Weisenburger's report involved causal relationship, not extent of disability. This is a critical distinction. The original causal relationship of a symptom/condition to an industrial injury— unlike the extent of disability -- does not change with the passage of time. Dr. Weisenburger's report, therefore, keeps its evidentiary viability and is "some evidence" justifying the commission's denial of temporary total disability compensation.

{¶ 15} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————