THE STATE EX REL. YELLOW FREIGHT SYSTEM, INC., APPELLANT,
v. INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Yellow Freight Sys., Inc.
v. Indus. Comm.* (1998), 81 Ohio St.3d 56.]

(No. 95–1279—Submitted December 2, 1997—Decided February 11, 1998.)

*Reminger & Reminger Co., L.P.A.,* and *William R. Thomas,* for appellant.

*Betty D. Montgomery,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for appellee.

**Per Curiam.** An Industrial Commission TTD award is an abuse of discretion for which mandamus is the remedy where no evidence of record establishes the claimant's eligibility. *State ex rel. Bradley v. Indus. Comm.* (1997), 77 Ohio St.3d 239, 242, 673 N.E.2d 1275, 1277. For the reasons that follow, we hold that no evidence attributes Richards's medical condition to his lumbosacral strain and that the commission abused its discretion by awarding him TTD. Accordingly, we reverse and grant the writ.

The receipt of TTD "rests on a claimant's inability to return to his or her former job as a direct result of an industrial injury." *State ex rel. Pretty Products, Inc. v. Indus. Comm.* (1996), 77 Ohio St.3d 5, 6, 670 N.E.2d 466, 467. The burden to prove these elements is the claimant's, *State ex rel. Pleban v. Indus. Comm.* (1997), 78 Ohio St.3d 406, 407, 678 N.E.2d 562, 564, and requires the production of affirmative evidence. Stated differently, the "lack of 'some evidence' supporting the [commission's] denial of [TTD] does not automatically translate into 'some evidence' supporting [the] award." *State ex rel. Foor v. Rockwell Internatl.* (1997), 78 Ohio St.3d 396, 398, 678 N.E.2d 554, 556; *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 542 N.E.2d 1105.

The commission does not dispute that no medical evidence specifically attributed Richards's period of disability to his 1989 industrial injury. It instead relies on *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E.2d 1, to argue that a causal connection can be inferred based on a reasonable probability that Richards's injury generated his medical condition. *Fox,* however, specifically requires direct medical testimony or other medical evidence to establish causation in proving a claimant's eligibility for workers' compensation. Following *Aiken v. Indus. Comm.* (1944), 143 Ohio St. 113, 28 O.O. 50, 53 N.E.2d 1018, syllabus, *Fox* held that the record "must include evidence by competent medical witnesses that a probable relationship existed between the original accident and [the claimant's disabling condition]." *Id.* at 575, 55 O.O at 475, 125 N.E.2d at 5. Accord *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 83, 679 N.E.2d 706, 710–711.

Without medical evidence, the commission has no basis to determine the cause of a medical condition—it simply does not have the expertise. "Such a claim can be established by medical [proof] only." *Fox* at 576–577, 55 O.O. at 475, 125 N.E.2d at 6. As no medical evidence in this record attributed Richards's medical condition to his injury, the commission abused its discretion in awarding him TTD. Accordingly, we reverse the court of appeals' judgment and grant the requested writ of mandamus.

*Judgment reversed*
*and writ granted.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

---

**DOUGLAS, J., dissenting.** I would affirm the well-reasoned judgment of the court of appeals and, thereby, uphold the TTD award entered by the Industrial Commission.