[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 56.]

THE STATE EX REL. YELLOW FREIGHT SYSTEM, INC., APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.
[Cite as *State ex rel. Yellow Freight Sys., Inc. v.*
*Indus. Comm.*, 1998-Ohio-654.]

*Workers' compensation—Industrial Commission's award of temporary total*
*disability compensation an abuse of discretion where no evidence of record*
*establishes claimant's eligibility.*

(No. 95-1279—Submitted December 2, 1997—Decided February 11, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD06-823.

_____

{¶ 1} Appellant, Yellow Freight System, Inc. ("Yellow Freight"), seeks a writ of mandamus to vacate appellee Industrial Commission of Ohio's order granting approximately two weeks of temporary total disability compensation ("TTD") to claimant Michael L. Richards.

{¶ 2} Richards was injured on January 3, 1989 while working as a truck driver for Yellow Freight. His workers' compensation claim was recognized for "lumbosacral strain." On September 8, 1993, Richards applied to reactivate his claim, asking for TTD from July 13, 1993 until August 2, 1993. A district hearing officer ("DHO") denied TTD, finding that no evidence attributed Richards's disability to his injury.

{¶ 3} Richards appealed, and a staff hearing officer ("SHO") declared him entitled to TTD, vacating the DHO's order. The SHO found a causal connection between Richards's injury and disability based on the July and August 1993 reports of James Powers, M.D. Dr. Powers did not specify lumbosacral strain as the cause of Richards's disability, but he was the only doctor of record who did not attribute the disability primarily to a nonallowed condition, herniated disc. The SHO

concluded that (1) the record reflected only two possible causes for Richards's condition—herniated disc or lumbosacral strain; (2) Dr. Powers did not attribute Richards's disablity to herniated disc; and, therefore, (3) the disability must have come from his lumbosacral strain. Yellow Freight's appeal of the SHO's order was refused.

{¶ 4} Yellow Freight then filed for the instant writ in the Court of Appeals for Franklin County. A referee found that Dr. Powers's reports attributed Richards's condition to degenerative changes in his spine, without mentioning the allowed lumbosacral strain. The referee thus recommended that the court grant a writ vacating Richards's TTD award on the grounds that the commission's order did not cite, and the record did not contain, evidence to link Richards's injury and disability. The court of appeals, with one judge dissenting, rejected the referee's report and denied the writ, holding that the SHO's analysis was correct.

{¶ 5} The cause is before this court upon an appeal as of right.

———————————

*Reminger & Reminger Co., L.P.A.*, and *William R. Thomas,* for appellant.

*Betty D. Montgomery*, Attorney General, and *William J. McDonald*, Assistant Attorney General, for appellee.

———————————

**Per Curiam.**

{¶ 6} An Industrial Commission TTD award is an abuse of discretion for which mandamus is the remedy where no evidence of record establishes the claimant's eligibility. *State ex rel. Bradley v. Indus. Comm*. (1997), 77 Ohio St.3d 239, 242, 673 N.E.2d 1275, 1277. For the reasons that follow, we hold that no evidence attributes Richards's medical condition to his lumbosacral strain and that the commission abused its discretion by awarding him TTD. Accordingly, we reverse and grant the writ.

**{¶ 7}** The receipt of TTD "rests on a claimant's inability to return to his or her former job as a direct result of an industrial injury." *State ex rel. Pretty Products, Inc. v. Indus. Comm.* (1996), 77 Ohio St.3d 5, 6, 670 N.E.2d 466, 467. The burden to prove these elements is the claimant's, *State ex rel. Pleban v. Indus. Comm.* (1997), 78 Ohio St.3d 406, 407, 678 N.E.2d 562, 564, and requires the production of affirmative evidence. Stated differently, the "lack of 'some evidence' supporting the [commission's] denial of [TTD] does not automatically translate into 'some evidence' supporting [the] award." *State ex rel. Foor v. Rockwell Internatl.* (1997), 78 Ohio St.3d 396, 398, 678 N.E.2d 554, 556; *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 542 N.E.2d 1105.

**{¶ 8}** The commission does not dispute that no medical evidence specifically attributed Richards's period of disability to his 1989 industrial injury. It instead relies on *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E.2d 1, to argue that a causal connection can be inferred based on a reasonable probability that Richards's injury generated his medical condition. *Fox*, however, specifically requires direct medical testimony or other medical evidence to establish causation in proving a claimant's eligibility for workers' compensation. Following *Aiken v. Indus. Comm.* (1944), 143 Ohio St. 113, 28 O.O. 50, 53 N.E.2d 1018, syllabus, *Fox* held that the record "must include evidence by competent medical witnesses that a probable relationship existed between the original accident and [the claimant's disabling condition]." *Id*. at 575, 55 O.O at 475, 125 N.E.2d at 5. Accord *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 83, 679 N.E.2d 706, 710-711.

**{¶ 9}** Without medical evidence, the commission has no basis to determine the cause of a medical condition — it simply does not have the expertise. "Such a claim can be established by medical [proof] only." *Fox* at 576-577, 55 O.O. at 475, 125 N.E.2d at 6. As no medical evidence in this record attributed Richards's medical condition to his injury, the commission abused its discretion in awarding

him TTD. Accordingly, we reverse the court of appeals' judgment and grant the requested writ of mandamus.

*Judgment reversed*
*and writ granted.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

_____

**DOUGLAS, J., dissenting.**

{¶ 10} I would affirm the well-reasoned judgment of the court of appeals and, thereby, uphold the TTD award entered by the Industrial Commission.

_____