[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ON OBJECTION TO THE DECISION OF THE MAGISTRATE IN MANDAMUS
 MEMORANDUM DECISION
Relator, Royse A. Brown, commenced this original action requesting a writ of mandamus which orders respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying him temporary total disability compensation, and to enter an order granting said compensation.
This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C), and Section (M), Loc.R. 12 of the Tenth District Court of Appeals. In his decision, the magistrate concluded that the writ should be denied because the commission properly rejected relator's medical evidence, and found that there is no evidence that the allowed condition, dysthymia, is work prohibitive.
Specifically, the district hearing officer acknowledged that there was medical evidence from Drs. Malkoff and Todd which established that the dysthymia prevents relator from returning to his former occupation. However, the district hearing officer concluded that Drs. Malkoff's and Todd's opinions were unpersuasive because relator testified to his opinion that, despite his dysthymia, he could return to his former job.
Relator objects to the magistrate's decision and raises one narrow issue: Can the commission properly reject the medical opinions of qualified experts regarding the ability of a claimant with an allowed psychological condition to return to work based upon the contrary lay opinion of the claimant?
It is true that the commission determines the weight and credibility of the medical reports admitted into evidence and it, therefore, follows that it is within the commission's discretion to reject these reports as unpersuasive. See State ex rel. Burleyv. Coil Packing, Inc. (1987), 31 Ohio St.3d 18; State ex rel.Pavis v. Gen. Motors Corp., B.O.C. Group (1992), 65 Ohio St.3d 30. However, it is equally true that such discretion is not absolute and, therefore, cannot be arbitrary. In other words, there must be some reasonable basis for the commission to reject a physician's findings. State ex rel. Eberhardt v. Flxible Corp.
(1994), 70 Ohio St.3d 649, 655, citing State ex rel. Hutton v.Indus. Comm. (1972), 29 Ohio St.2d 9, 13.
Here, the commission rejects the otherwise qualified medical opinions of a psychiatrist and a clinical psychologist based upon a contrary opinion of a lay person. We find, under the specific facts herein, that such a basis is arbitrary and unreasonable. Relator correctly argues that, because the commission could not base a decision to grant temporary total disability on the opinion of a lay person, it would be illogical to hold that the commission could reject a medical opinion premised on a contrary lay opinion. This is not to say that the commission could never find a medical report or opinion unpersuasive because of lay testimony; only where the lay person attempts to opine in the areas reserved for expert testimony is the commission so restricted. As an example, the commission could reject a medical report that opines that a claimant is totally restricted to a wheelchair if there is evidence that, during a relevant time period, the claimant was jogging.
As our Ohio Supreme Court has recently held in State exrel. Yellow Freight Sys., Inc. v. Indus. Comm. (1998), 81 Ohio St.3d 56, the commission, alone, does not have the expertise to determine the cause of a medical condition without medical proof.Id. at 58. It therefore follows that it may not reject medical evidence based upon the opinion of a lay person.
Following an independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and therefore, accordingly, we adopt the findings of fact as our own; however, we reject the magistrate's conclusions of law. Relator's objection is sustained and a limited writ of mandamus is issued, ordering respondent, Industrial Commission of Ohio, to vacate the March 15, 1998 staff hearing officer's order denying relator's permanent total disability application, and to issue a new order consistent with this decision either granting or denying relator's application for temporary total disability.
Objection sustained; Writ of mandamus granted.
BOWMAN and BROWN, JJ., concur.