[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 182.]

STATE EX REL. KIRKENDALL, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO. ET AL.

[Cite as *State ex rel Kirkendall v. Indus. Comm.*, 1999-Ohio-22.]

*Workers' compensation—Mandamus directing Industrial Commission to vacate its order denying claimant temporary total disability compensation— Denial of writ affirmed.*

(No. 98-730–Submitted October 20, 1999—Decided November 17, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD03-344.

_____

*Altick & Corwin Co., L.P.A., Deborah J. Adler* and *Donald K. Scott,* for appellant.

*Betty D. Montgomery,* Attorney General, and *C. Bradley Howenstein*, Assistant Attorney General, for appellee Industrial Commission.

*Day, Ketterer, Raley, Wright & Rybolt, Darrell Markijohn* and *Shannon L. Shinaberry*, for appellee U.S. Airways, Inc.

_____

*Per Curiam.*

{¶ 1} E. Christine Kirkendall, appellant, sought a writ of mandamus directing appellee Industrial Commission of Ohio to vacate its order denying her temporary total disability compensation ("TTD") from April 26, 1994, and continuing, and to award her that compensation. The Court of Appeals for Franklin County denied the writ, finding that although some medical evidence supported Kirkendall's alleged inability to remain seated for the periods her job required, the commission did not abuse its discretion in relying on surveillance evidence suggesting that she was not so disabled. Kirkendall appeals as of right, arguing that

the surveillance evidence was not a sufficient basis for the commission's denial of TTD. We disagree and, accordingly, affirm the court of appeals' judgment.

{¶ 2} In November 1993, while employed as a reservation sales agent for appellee U.S. Air, Inc., Kirkendall slipped off a chair and injured her back and neck. The Ohio Bureau of Workers' Compensation ("BWC") recognized Kirkendall's claim for "contusion of back and sprain of neck" and paid her TTD until she returned to work. In 1994, Kirkendall applied for TTD again, this time based on an additional condition—"Right Buttock Contusion with Piriformis Syndrome," the latter ailment being the result of hip muscle pressure on her sciatic nerve.

{¶ 3} BWC recognized the compensability of Kirkendall's additional condition, and a commission district hearing officer ("DHO") found, based on medical evidence, that Kirkendall was again temporarily and totally unable to perform in her sales agent position. The DHO awarded her TTD for April 26, 1994, until May 17, 1994, and to continue based on further medical proof. But on U.S. Air's administrative appeal, a staff hearing officer ("SHO") determined from additional medical records, Kirkendall's testimony, and an investigator's surveillance report that Kirkendall had exaggerated her symptoms to various doctors in order to qualify for TTD. The commission refused Kirkendall's further appeal based on the SHO's decision.

{¶ 4} The court of appeals held that the commission had sufficient evidence for denying Kirkendall TTD. The court acknowledged that some medical evidence suggested her inability to remain seated for periods over twenty minutes and that U.S. Air usually required reservation sales agents to sit for two hours at a time throughout the course of an eight-hour day, but the court also found some evidence to discredit Kirkendall's claim. First, the medical evidence was founded entirely on Kirkendall's subjective complaints of pain or discomfort; all objective tests administered to document her condition were within normal ranges. Second, under

surveillance, Kirkendall was repeatedly observed at sporting events to be able to sit in bleachers or lawn chairs for extended periods.

**{¶ 5}** The commission is the exclusive evaluator of evidentiary weight and disability, and the commission's order cannot be disturbed in mandamus as long as some evidence supports it. *State ex rel. Burley v. Coil Packing, Inc*. (1987), 31 Ohio St.3d 18, 20-21, 31 OBR 70, 72, 508 N.E.2d 936, 938; *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 376, 658 N.E.2d 1055, 1057-1058. Here, the commission had some basis for disbelieving the claimed extent of Kirkendall's disability, which manifests a failure to sustain her burden of proof. *State ex rel. Yellow Freight Sys., Inc. v. Indus. Comm*. (1998), 81 Ohio St.3d 56, 57, 689 N.E.2d 30, 31. Thus, this is not a case like *State ex rel. Midmark Corp. v. Indus. Comm*. (1997), 78 Ohio St.3d 2, 11, 676 N.E.2d 73, 79, in which the claimant was caught walking and doing some domestic chores that he had represented he could not do, but we sustained the commission's award of permanent and total disability compensation because the commission had other credible proof of his inability to work.

**{¶ 6}** For these reasons, the court of appeals' judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

―――――――――