DECISION
{¶ 1} Relator, Donald Evans, has filed an original action requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying his application for temporary total disability ("TTD") compensation and ordering the commission to issue an order finding that relator is entitled to TTD compensation.
{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. On June 21, 2002, the magistrate issued a decision, which included findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed two objections to the magistrate's decision.
{¶ 3} Relator argues in his first objection that he submitted medical evidence supporting his claim for TTD compensation. Relator argues in his second objection that he is entitled to TTD benefits from July 2, 1999 through the present. Because of the similarity in relator's objections, we will address them together.
{¶ 4} We first note that a review of relator's objections shows that he failed to object to any errors of fact or law in the magistrate's decision as required by Civ.R. 53(E)(3)(b). "Civ.R. 53(E) imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision." Huffman v. Huffman (June 21, 2000), Mahoning App. No. 98 CA 136.
{¶ 5} Second, the record supports the magistrate's conclusion that relator "has not demonstrated that the commission abused its discretion in finding that the medical evidence submitted by relator in support of his application for TTD compensation was not sufficient." Relator could not qualify for TTD benefits prior to April 16, 1999 based upon Dr. Peter C. Podore's examination on that date because "a doctor cannot offer an opinion on a claimant's extent of disability for a period that preceded the doctor's examination of the claimant." State ex rel. Foor v. Indus. Comm. (1997), 78 Ohio St.3d 396, 399. The record also shows that relator paid himself $500 per week thirteen times prior to July 1999. Relator was President of Roof Doctor's, Inc. at the time of the payments.
{¶ 6} Additionally, in order to receive TTD compensation, a claimant has the burden to prove that the inability to return to his or her former job was a direct result of an industrial injury. State ex rel. Fries v. Indus. Comm., Franklin App. No. 01AP-721, 2002-Ohio-3252, at ¶ 13. A review of the record supports the commission's determination "that the evidence on file is not sufficient to demonstrate that the requested periods of [TTD] are related to the injury of 10-16-98." For example, Dr. Podore opined only that relator's symptoms of "severe and limiting left leg claudication * * * seemed to coincide with the injury at work."
{¶ 7} After an independent review of the stipulated evidence, an examination of the magistrate's decision, and due consideration of relator's objections, this court overrules relator's objections and adopts the findings of fact and conclusions of law contained in the magistrate's decision. Since the magistrate sufficiently discussed and determined the remaining issues raised by relator in his objections, further discussion is not warranted. Accordingly, relator's request for a writ of mandamus is denied.
Objections overruled; writ denied.
DESHLER and PETREE, JJ., concur.
 APPENDIX A IN MANDAMUS
{¶ 8} Relator, Donald Evans, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for temporary total disability ("TTD") compensation and ordering the commission to issue an order finding that relator is entitled to that compensation.
Findings of Fact:
{¶ 9} 1. Relator sustained a work-related injury on October 16, 1998, and his claim was originally allowed for: "Contusion left lower leg; contusion abdominal wall[.]" Relator's claim was later allowed for: "Mononeuritis left." In a commission order mailed October 18, 2000, relator's claim was additionally allowed for: "[L]ower extremity aneurysm; lower extremity embolism," pursuant to a judgment entry of the Hamilton County Court of Common Pleas.
{¶ 10} 2. Relator's treating physician, Dr. Peter C. Podore, has three reports which are part of the record in the present case. In his July 28, 1999 report, Dr. Podore noted that he first saw relator on April 16, 1999. Dr. Podore opined that relator's symptoms are related to a thrombosed left popliteal aneurysm, and that the probable cause of the aneurysm thrombosis was the trauma to the leg that relator sustained as a result of his work-related injury. In his letter dated February 7, 2000, Dr. Podore again opined that the industrial injury was a traumatic event which induced the thrombosis of the aneurysm. Dr. Podore indicated that relator needed surgery and that he would probably be out of work for one to two months following a successful surgery. In his letter dated April 23, 2001, Dr. Podore again opined that relator needed surgery to resolve his problem.
{¶ 11} 3. On December 15, 2000, relator filed a C-86 motion requesting surgery, the payment of TTD compensation from November 20, 1998 through December 18, 1998, the week of December 25, 1998, the week of January 8, 1999, February 5, 1999 through February 18, 1999, the week of February 26, 1999, the week of March 12, 1999, April 30, 1999 through June 17, 1999, and June 25, 1999 to December 15, 2000; and requested that his full weekly wage be set at $576.92.
{¶ 12} 4. Relator's C-86 motion was heard before a district hearing officer ("DHO") on March 23, 2001. The DHO denied relator's request that his full weekly wage be set at $576.92. Based upon wage information submitted, relator's full weekly wage was set at $500 per week. Relator's request for TTD compensation was denied for all of the requested time periods as follows:
 In support of this request for Temporary Total Disability Compensation the claimant submitted one C-84 from Dr. Podore, who first saw the claimant on 4-16-99 and who certifies the claimant as temporarily and totally disabled on a continuous basis from 10-16-98 through the present. Dr. Podore cannot certify Temporary Total Disability periods before he first treated the claimant.
 Wage information on file demonstrates that claimant worked many weeks through at least July of 1999. Further, there are no notes or office records in file to demonstrate that Dr. Podore treated the claimant during the requested periods of disability. The Staff Hearing Officer therefore finds that the evidence on file is not sufficient to demonstrate that the requested periods of Temporary Total Disability are related to the injury of 10-16-98.
{¶ 13} 5. On appeal, the matter was heard before a staff hearing officer ("SHO") on April 25, 2001. The SHO approved relator's request for surgery limited to the left leg only, set relator's full weekly wage at $500 per week, but denied relator's request for TTD compensation for the following reasons:
 Claimant's C-84 requesting the payment of temporary total compensation for several periods is denied. Dr. Podore first examined the claimant on 4-16-99. Furthermore without some additional evidence such as clinical notes or office visits from Dr. Podore, the Staff Hearing Officer rejects the single C-84 by Dr. Podore as credible evidence of claimant's disability during the periods requested.
{¶ 14} 6. Further appeal was refused by order of the commission mailed May 12, 2001.
{¶ 15} 7. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
{¶ 16} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
{¶ 17} In this mandamus action, relator contends that the commission has abused its discretion by denying him TTD compensation when all of the medical evidence in the record supports his request for TTD compensation and there is no medical evidence in the record to contradict the evidence presented by relator.
{¶ 18} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. State ex rel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630. TTD compensation compensates a claimant for their loss of earnings. Id. Accordingly, TTD compensation is unavailable to one who has returned to work, i.e., is earning wages. Id.
{¶ 19} In the present case, the commission denied relator's request for TTD compensation for three reasons. First, the commission stated that Dr. Podore could not certify relator to be temporarily and totally disabled prior to the date that Dr. Podore first examined relator on April 16, 1999. Second, wage information in the file indicates that relator worked various periods of time through July 1999. As such, relator would not be entitled to TTD compensation during those time periods. Further, the commission determined that the C-86 itself and the reports of Dr. Podore did not constitute sufficient medical evidence to support paying relator TTD compensation for any other time period.
{¶ 20} It is undisputed that a claimant has the burden of supplying medical evidence to support an award of TTD compensation. See State ex rel. Jeep Corp. v. Indus. Comm. (1991), 62 Ohio St.3d 64. Because the commission concluded that relator did not submit sufficient medical evidence to support his application for TTD compensation, the commission has met the requirements of State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, and has provided an explanation of why the commission denied relator's request for compensation. The commission is not required to send relator to another doctor so that there is medical evidence in the file contradicting the evidence provided by the relator. Instead, the commission, as the evaluator of the credibility of the medical evidence, is entitled to conclude that the evidence submitted by relator is not sufficient to support an award. In the present case, that is exactly what the commission did and to do so does not constitute an abuse of discretion.
{¶ 21} Based on the foregoing, this magistrate concludes that relator has not demonstrated that the commission abused its discretion in finding that the medical evidence submitted by relator in support of his application for TTD compensation was not sufficient. Further, the commission did not abuse its discretion in stating that Dr. Podore cannot opine that relator was temporarily and totally disabled prior to the time that Dr. Podore actually examined relator. Further, inasmuch as there is some evidence in the record that relator was working into July 1999, there is some evidence to support this portion of the commission's order as well.
{¶ 22} As such, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying his application for TTD compensation and this court should deny relator's request for a writ of mandamus.