[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. James v. Wal-Mart Stores, Inc.,* Slip Opinion No. 2017-Ohio-1426.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-1426

THE STATE EX REL. JAMES, APPELLEE/CROSS-APPELLANT, *v*. WAL-MART STORES, INC., ET AL., APPELLANTS/CROSS-APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. James v. Wal-Mart Stores, Inc.,* Slip Opinion No. 2017-Ohio-1426.]**

*Workers' compensation—Temporary-total-disability compensation—Evidence supported Industrial Commission's decision to deny temporary-total-disability compensation—Claimant was not working when the alleged period of disability began—Judgment of the court of appeals reversed and writ denied.*

(No. 2014-1157—Submitted February 7, 2017—Decided April 20, 2017.)

APPEAL from the Court of Appeals for Franklin County, No. 13AP-3, 2014-Ohio-2279.

_____

**Per Curiam.**

{¶ 1} Appellants/cross-appellees, Wal-Mart Stores, Inc., and the Industrial Commission, appeal from the judgment of the Tenth District Court of Appeals that granted a limited writ of mandamus ordering the commission to vacate its order denying temporary-total-disability benefits to appellee/cross-appellant, Norman James Jr., and to further address his termination from employment and his eligibility for temporary-total-disability compensation.

{¶ 2} Because the evidence supported the commission's decision to deny temporary-total-disability compensation, we reverse the judgment of the court of appeals and deny the writ.

## I.  Facts and Procedural History

### A.  Accident and Employment

{¶ 3} James was injured on November 30, 2004, while employed by Wal-Mart.  The injury fractured a surgical screw in his neck from a previous operation not related to his employment.  His workers' compensation claim was allowed for neck spasm and mechanical complication of internal orthopedic device and was later amended to allow the additional condition of aggravation of preexisting cervical canal stenosis.

{¶ 4} James returned to work at Wal-Mart in September 2005, after being released by his doctor with no restrictions.  He quit his job at Wal-Mart on April 20, 2007.  He briefly worked for Petco and later got a job with a company that is referred to in the record as Casper Transport, Inc., and as Casper Service Automotive ("Casper").  Casper fired him on November 16, 2007, for excessive absenteeism, and he has not worked since that time.  On June 1, 2007, James was involved in an auto accident unrelated to his employment.

### B.  First Request for Temporary-Total-Disability Compensation

{¶ 5} In January 2009, James filed a motion requesting temporary-total-disability benefits beginning November 17, 2007, the day after he was fired from

2

Casper. Following a hearing, the commission denied benefits for the period from November 17, 2007, through September 29, 2009, the date of the commission hearing. The commission concluded that the medical evidence in the record was inconsistent and equivocal and that it raised questions about the intervening auto accident in June 2007. The commission declined to address Wal-Mart's argument that James had voluntarily abandoned his job when he was fired by Casper because, regardless of his employment status after leaving Casper, the record contained no medical evidence to support a finding of temporary total disability.

### C. Second Request for Temporary Total Disability Compensation

{¶ 6} In October 2009, James again filed for temporary-total-disability benefits. A staff hearing officer heard the request on April 15, 2010. The hearing officer concluded that based on the commission's previous order, the request for benefits from April 1, 2009, through September 29, 2009, was barred by res judicata.

{¶ 7} The hearing officer also denied benefits for the period from September 30, 2009, through April 15, 2010, on the basis that James voluntarily abandoned his former position with Casper and was not employed when the disability recurred, citing *State ex rel. Baker v. Indus. Comm.*, 89 Ohio St.3d 376, 732 N.E.2d 355 (2000), *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, and *State ex rel. Eckerly v. Indus. Comm.*, 105 Ohio St.3d 428, 2005-Ohio-2587, 838 N.E.2d 97.

{¶ 8} The commission refused further appeal.

### D. Original Action in Mandamus

{¶ 9} James filed an original action in mandamus in the court of appeals alleging that the commission abused its discretion when it determined that he had voluntarily abandoned his position with Wal-Mart and was ineligible for temporary-total-disability compensation from September 30, 2009, through April 15, 2010.

{¶ 10} A magistrate appointed to hear the case issued a decision recommending that the court deny the writ. The magistrate concluded that the evidence supported the commission's finding that James voluntarily quit his job with Wal-Mart and further concluded that there was no evidence in the record that James left his job with Casper due to the allowed conditions in his claim. The magistrate also concluded that the commission did not abuse its discretion when it denied benefits on the basis that James was not working at the time he became disabled. The magistrate rejected James's argument that *State ex rel. Estes Express Lines v. Indus. Comm.*, 10th Dist. Franklin No. 08AP-569, 2009-Ohio-2148, a case in which the claimant was laid off, applied to the facts of this case.

{¶ 11} James filed objections to the magistrate's report. In a split decision, the court of appeals determined that the commission did not abuse its discretion in finding that James had voluntarily abandoned his employment with Wal-Mart, but the appellate court sustained, in part, James's objection to the magistrate's conclusion that *Estes Express* did not apply. The court granted a limited writ vacating the denial of temporary-total-disability benefits and returning the case to the commission to further address the end of James's employment at Casper.

{¶ 12} The dissenting judge agreed with the affirmance of the commission's finding that James had voluntarily abandoned his employment with Wal-Mart, but she also stated that there was no evidence that James's departure from Casper was due to the allowed conditions in his claim and that she would deny the writ of mandamus.

{¶ 13} This matter is before the court on the direct appeals filed by Wal-Mart and the commission and the cross-appeal of James.[1]

---

[1] The court referred this case to mediation and stayed briefing. After mediation was unsuccessful, the case was returned to the regular docket and briefing commenced.

4

## II. Legal Analysis

### A. Standard of Review in Mandamus Cases

{¶ 14} Mandamus is an extraordinary remedy granted when a relator establishes a clear legal right to the relief requested and a clear legal duty on the part of the commission to provide such relief. *State ex rel. Rouch v. Eagle Tool & Machine Co.*, 26 Ohio St.3d 197, 198, 498 N.E.2d 464 (1986). This requires the relator to demonstrate that the commission abused its discretion by entering an order that was not supported by any evidence in the record. *State ex rel. Avalon Precision Casting Co. v. Indus. Comm.*, 109 Ohio St.3d 237, 2006-Ohio-2287, 846 N.E.2d 1245, ¶ 9.

### B. Eligibility for Temporary-Total-Disability Benefits

{¶ 15} To be eligible for temporary-total-disability benefits, an injured worker must demonstrate (1) that he or she is medically unable to return to the duties of the former position and (2) that the industrial injury is the reason for the loss of earnings. *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, ¶ 35. The burden is on the claimant to prove these elements with affirmative evidence. *State ex rel. Yellow Freight Sys., Inc. v. Indus. Comm.*, 81 Ohio St.3d 56, 57, 689 N.E.2d 30 (1998).

{¶ 16} If an injured worker does not return to his or her former position of employment as a result of the worker's own actions rather than the industrial injury, the worker is considered to have voluntarily abandoned his or her employment and is no longer eligible for temporary-total-disability compensation. *Baker*, 89 Ohio St.3d at 380-381, 732 N.E.2d 355. However, a claimant who voluntarily abandoned employment but reenters the workforce will be eligible to receive temporary-total-disability compensation if, due to the original industrial injury, the claimant becomes temporarily and totally disabled *while working* at the new job. *McCoy* at syllabus.

{¶ 17} In light of these legal principles, we must determine whether there was some evidence in the record supporting the commission's finding that James voluntarily abandoned his job with Wal-Mart and its decision denying James's request for temporary-total-disability compensation for the period from September 30, 2009, through April 15, 2010.

### C. Status of James's Departure from Wal-Mart

{¶ 18} There is no dispute that James quit his job at Wal-Mart in April 2007. In his brief, he concedes that he did so in order to seek other employment. James did not submit to the commission any affirmative evidence demonstrating that the allowed conditions of his claim contributed to his decision to leave Wal-Mart. Thus, he failed to meet his burden of proving that his industrial injury was the cause of his lost earnings. *See Yellow Freight Sys.*, 81 Ohio St.3d at 57, 689 N.E.2d 30. Consequently, the commission did not abuse its discretion when it characterized James's departure from Wal-Mart as voluntary.

### D. Evidence Supporting the Denial of Temporary-Total-Disability Benefits

{¶ 19} Wal-Mart maintains that the hearing officer properly applied *Eckerly*, 105 Ohio St.3d 428, 2005-Ohio-2587, 838 N.E.2d 97, as authority to deny benefits, and that *Estes Express*, 10th Dist. Franklin No. 08AP-569, 2009-Ohio-2148, is distinguishable. According to Wal-Mart, James failed to meet his burden under *McCoy*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, because he was not working when the alleged period of disability began and he did not produce evidence that he lost his job with Casper for reasons related to the allowed conditions in his claim. We agree.

{¶ 20} *Eckerly* involved a claimant who was fired from his job for unexcused absenteeism three months after his workplace injury occurred. The commission denied his claim for temporary-total-disability compensation because there was no evidence in the record that he was employed. We affirmed, reasoning that a key tenet in temporary-total-disability cases is that "the industrial injury *must*

*remove the claimant from his or her job.* This requirement obviously cannot be satisfied if [the] claimant had no job *at the time of the alleged disability.*" (Emphasis sic.) *Eckerly* at ¶ 9.

**{¶ 21}** *Estes Express* involved an injured worker who was laid off by his employer. At the same time, the worker underwent a medical procedure related to his industrial injury. The court of appeals concluded that although no longer employed, the injured worker remained eligible for temporary-total-disability compensation because his departure was initiated by his employer and because the worker had submitted medical evidence substantiating that his disability existed at the time of his layoff. *Estes Express* at ¶ 14-16, 19-21.

**{¶ 22}** Here, the court of appeals concluded that *Estes Express* "could apply to this situation, but requires a factual development of the reasons [the claimant's] employment with Casper Automotive ended." 2014-Ohio-2279, at ¶ 9. We do not agree. The record here demonstrates that like the claimant in *Eckerly*, James was terminated from Casper for excessive absenteeism. He offered no evidence that his workplace injury caused the absences for which Casper terminated him, and there is no evidence that he was working when he later claimed to be disabled. Consequently, the commission did not abuse its discretion when it applied *Eckerly* and denied temporary-total-disability compensation. There is no need to further consider the facts surrounding James's termination of employment from Casper.

**{¶ 23}** Therefore, we reverse the judgment of the court of appeals to the extent that the court issued a limited writ of mandamus vacating the denial of temporary-total-disability compensation, and we affirm the remainder of the appellate court's judgment.

Judgment affirmed in part
and reversed in part,
and writ denied.

O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DeWINE, JJ., concur.

O'CONNOR, C.J., not participating.

_____

Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., and Theodore A. Bowman, for appellee/cross-appellant.

Roetzel & Andress, Douglas E. Spiker, and Timothy J. Webster, for appellant/cross-appellee Wal-Mart Stores, Inc.

Michael DeWine, Attorney General, and Patsy A. Thomas, Assistant Attorney General, for appellant/cross-appellee Industrial Commission.

_____