THE STATE EX REL. BRADLEY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as *State ex rel. Bradley v. Indus. Comm.* (1997), 77 Ohio St.3d 239.]

(No. 94–2680—Submitted November 12, 1996—Decided January 15, 1997.)

*Kondritzer, Gold, Frank & Crowley Co., L.P.A.,* and *Lane N. Cohen,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellant.

COOK, J. The issues in this case are (1) whether the commission's order denying appellee's claim for TTD satisfies the requirements of *Noll, supra;* and (2) if the order complies with *Noll,* whether the commission abused its discretion in denying appellee's claim for TTD.

In *Noll,* we stated in the syllabus that "[i]n any order of the Industrial Commission granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." The order must make it apparent "from the four corners of the decision that there is some evidence supporting it." *Id.,* 57 Ohio St.3d at 206, 567 N.E.2d at 248. The order must be fact-specific in order that a meaningful review can be undertaken upon appeal. *Id.*

The hearing officer's order states that appellee's claim for TTD was disallowed because appellee was "disabled due to unrecognized conditions." Although appellee's supplemental claim for TTD stated that one of the complaints and conditions supporting her claim was chondromalacia patella of the right knee, an allowed condition, the claim also stated hypertrophic medial synovial plica and bone tumor of the right proximal tibia, conditions that had not been allowed in the original claim. The operative report prepared by Dr. Hopson, and relied upon by the commission in its decision, indicated a preoperative diagnosis of tumor and a postoperative diagnosis of "[c]hronic right knee pain secondary to hypertrophic medial synovial plica," conditions that were not included in appellee's original claim. Dr. Chavez's report, also relied upon by the commission in

its decision, noted that there was no indication "that the resected tibial tumor is related to the claim." Although Dr. Hopson's letter, prepared after surgery and submitted to the board of review, "deleted" the diagnosis of tumor, this postoperative discovery does not remove the suspected tumor as a reason for the surgery and does not, on this record, prevent the commission from concluding that the surgery was performed because of a nonallowed condition and that the surgery caused TTD.

A party challenging a commission order bears the burden of demonstrating that the commission's determination manifests an abuse of discretion. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 20, 31 OBR 70, 72, 508 N.E.2d 936, 938. Abuse of discretion means that the commission's decision was rendered without some evidence to support it. *Id.* This court's role in reviewing a mandamus action challenging a decision of the commission is limited to whether there is some evidence in the record to support the commission's stated basis for its decision. *Id.* at the syllabus.

A claimant cannot be compensated for disability caused by conditions unrelated to his employment injury or resulting from nonallowed medical conditions. *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 454–455, 619 N.E.2d 1018, 1020. The mere presence of a nonallowed condition in a claim for TTD does not in itself destroy the compensability of the claim, but the claimant must meet his burden of showing that an allowed condition independently caused the disability. The allowed condition cannot combine with a nonallowed medical condition to produce TTD. Cf. *State ex rel. LTV Steel Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 22, 599 N.E.2d 265.

Dr. Hopson's operative report states that surgery was performed on appellee because of a suspected bone tumor. His postoperative diagnosis again refers to the presence of a suspected bone tumor, and adds a further condition not previously allowed by the commission, hypertrophic medial synovial plica. Even Dr. Hopson's letter, clarifying that no bone tumor had been discovered by biopsy following surgery, classified appellee's injury as chronic knee sprain secondary to her workers' compensation injury, but attributed the injury only to the specific nonallowed condition of hypertrophic medial synovial plica. The letter did not attribute the TTD to any of the allowed conditions of appellee's claim. Although the first C–84 claim for TTD includes one of the allowed conditions along with the nonallowed conditions, nothing in that claim or in the other evidence presented to the commission demonstrated that the allowed condition independently caused appellee's TTD.

Under the facts of this case, the hearing examiner's report was sufficiently specific to meet the requirements of *Noll.* The hearing officer's order explains that TTD was disallowed because appellee's disability resulted from "unrecog-

nized conditions." The reports of Drs. Chavez and Hopson constituted some evidence to support the hearing officer's finding that appellee was disabled due to unrecognized conditions. The commission did not abuse its discretion in denying appellee's claim for TTD.

For these reasons, we reverse the judgment of the court of appeals and reinstate the decision of the commission denying appellee's claim for TTD.

*Judgment reversed.*

MOYER, C.J., PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. I would affirm the judgment of the court of appeals.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.