DECISION
{¶ 1} Relator, Halleen Chevrolet, Inc., commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its *Page 2 
order granting temporary total disability compensation to respondent-claimant Wendy M. Jenkins and to find claimant is not entitled to any temporary total disability compensation.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision the magistrate determined the evidence the commission cited to support granting claimant a period of temporary total disability compensation does not constitute some evidence upon which the commission could properly rely. As a result, the magistrate determined a writ of mandamus should issue remanding the matter to the commission for further consideration. Claimant filed an objection to the magistrate's conclusions of law:
 THE MAGISTRATE ERRED IN FINDING THAT THERE WAS NO EVIDENCE UPON WHICH THE INDUSTRIAL COMMISSION COULD RELY IN GRANTING TEMPORARY TOTAL DISABILITY COMPENSATION FROM DECEMBER 21, 2005 THROUGH APRIL 19, 2006 AND TO CONTINUE.
 {¶ 3} Claimant contends intially that Dr. Choi's progress notes resulting from his December 21, 2005 examination of claimant support the commission's order. Dr. Choi, however, determined claimant could return to work on December 27, 2005, six days after the doctor examined her. Accordingly, the magistrate properly concluded that Dr. Choi's progress notes do not constitute some evidence on which the commission could rely to award compensation through April 19, 2006.
 {¶ 4} Claimant next urges this court to conclude that Dr. Reyes' March 2, 2006 C-84, combined with Dr. Choi's report, supports the commission's determination. As the magistrate noted, however, the C-84 included consideration of nonallowed conditions in *Page 3 
reaching the ultimate conclusion that claimant is temporarily and totally disabled. Claimant, in response, suggests that under State exrel. Bradley v. Indus. Comm. (1997), 77 Ohio St.3d 239, 249, "the mere presence of a nonallowed condition in a claim for TTD does not in itself destroy the compensability of this claim[.]" Bradley nonetheless also required a claimant to demonstrate that "an allowed condition independently caused the disability." As a result, a claimant cannot combine an allowed condition with a nonallowed medical condition to support a request for temporary total disability compensation. Id. Because Dr. Reyes considered both allowed and nonallowed medical conditions in opining that claimant is temporarily and totally disabled, his opinion is not "some evidence" supporting the commission's order.
 {¶ 5} Finally, claimant urges that Dr. Marshall's C-84 provides some evidence to support the commission's order granting her temporary total disability compensation. The staff hearing officer, however, did not rely on Dr. Marshall. Instead, the staff hearing officer based the order "on the 12/21/2005 records of Dr. Choi, Dr. Reyes 3/02/2006 record and the Fairview records from the original treatment received." Because the staff hearing officer did not rely on Dr. Marshall's report, we likewise do not consider it in determining whether the commission's order is supported by the requisite "some evidence." Accordingly, claimant's objection is overruled.
 {¶ 6} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we *Page 4 
grant a writ of mandamus ordering the commission to vacate its order granting claimant temporary total disability compensation and to conduct any further proceedings consistent with this decision.
Objection overruled; writ granted.
 BROWN and TYACK, JJ., concur. *Page 5 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS {¶ 7} Relator, Halleen Chevrolet, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted temporary total disability ("TTD") *Page 6 
compensation to respondent Wendy M. Jenkins ("claimant") and ordering the commission to find that claimant is not entitled to any TTD compensation. Findings of Fact:
 {¶ 8} 1. On December 19, 2005, claimant sustained an injury in relator's parking lot when, as she was leaving work, she slipped on a patch of ice and fell backwards hitting her head.
 {¶ 9} 2. On December 21, 2005, claimant was examined by Charles I. Choi, M.D. Although Dr. Choi's progress notes are difficult to read, it appears that he noted the following:
 CHIEF COMPLAINT: [Patient] fell back [and] sustained neck pain on 12/19/05. pain in her neck. No rad. down the arm or hands.
 [HISTORY]: Falling backward [and] sustained whiplash.
 * * *
 [IMPRESSION]: Whiplash. Slip falling backward — [illegible].
 * * *
 [PROCEDURE]: To go back to work on 12/27/05. To stay on Ibuprofen * * * x2. Bid [illegible]. Vicodin [and] Neurontin. [Patient] 2/w x 4 w.
Under a section marked "lumbar," Dr. Choi made no notations; however, under the section "cervical," Dr. Choi noted that relator had reduced range of motion right and left and indicated something with regard to her musculature. The record also includes a note from Dr. Choi dated December 21, 2005 which is easier to read. That note says: "The [patient] may go back to work on Dec. 27, 05." *Page 7 
 {¶ 10} 3. Relator presented at Fairview General Hospital on December 28, 2005. The forms filled out by the hospital staff indicate that relator's chief complaint was neck and low back pain following a fall on December 19, 2005. Hospital staff noted that relator had previous surgery to her low back. On a form designed to exhibit "Neck-Upper Back Pain / Injury," staff made marks indicating that relator had pain at the neck level. Relator indicated that her pain extended from her head to her pelvis. Relator had both upper extremity pain right and left, as well as lower extremity pain right and left. Relator also had tenderness of her upper back, lower back and pelvis, at right, middle, and left. The initial impression was multiple muscle strains and the final diagnoses were: "Contusions of back [and] Muscle spasm."
 {¶ 11} 4. Relator began treating with Wilfrido C. Reyes, M.D., in January 2006. In his initial physical examination, Dr. Reyes provided findings with regard to pain and decreased range of motion in claimant's neck, shoulders, and lumbar region. Dr. Reyes requested a CT scan of claimant's back. In his January 16, 2006 treatment note, Dr. Reyes noted that claimant was experiencing pain traveling down her upper extremities. In a letter dated January 19, 2006, and in support of a request for an EMG, Dr. Reyes wrote the following:
 Mrs. Jenkins sustained acute, severe sprain and strain of the neck, both shoulders and lower back. Since the accident, she has been experiencing severe pain and muscle spasms of her neck, both shoulders and lower back.
 She has very limited movement of her neck, lower back and shoulders. The pain of her neck radiates down to both upper extremities accompanied by numbness of both hands. The pain of the low back travels down the back of her thighs. *Page 8 
 A CT scan of the lumbar spine done on January 10, 2006 revealed left lateral herniation of L4, L5 and status-post hemi-laminotomy at L5, S1. There appears to be a recurrent left sided herniation of the disc at this level.
 The appearance of the subjective symptoms of radiating pain with numbness to both upper and lower extremities since the day of the fall on the ice at the work place parking lot suggested that there is some impingement of nerve at the level of the cervical and lumbar sacral segments of the spine. This is the medical reason for ordering EMG and nerve conduction studies of the upper and lower extremities.
 {¶ 12} 5. Claimant began treating with Cyril E. Marshall, M.D., in February 2006. In his initial report, Dr. Marshall noted the following on examination:
 EXAM: Neck exam reveals moderate paraspinal muscle spasm with tenderness. Cervical range of motion is decreased 75%. Shoulder range of motion is limited bilaterally — abduction to 90 degrees. There is no crepitation with shoulder motion. There is trapezius muscle spasm bilaterally. Lumbosacral region shows 2+ paraspinal muscle spasm with severely limited range of motion. There is marked lumbosacral paraspinal tenderness.
 ASSESSMENT: Neck sprain, lumbar sprain.
 PLAN: Need C-9 for physical therapy 2x/week x 4 weeks. Will also need C-84 form filled out.
 {¶ 13} 6. Dr. Marshall's treatment notes through May 2006 indicate that claimant continued to have pain both in her neck and lower back.
 {¶ 14} 7. Dr. Marshall completed several C-84s for claimant. In the C-84 dated February 2, 2006, Dr. Marshall listed neck sprain and back contusion as the conditions preventing claimant from returning to work and noted that she was disabled from February 2, 2006 through an estimated return-to-work date of March 25, 2006. In the *Page 9 
objective findings section, Dr. Marshall noted decreased cervical range of motion and decreased L5 range of motion as well as muscle spasms in the neck and at L5. He noted that claimant needed additional therapy. In his March 24, 2006 C-84, Dr. Marshall listed neck sprain, back contusion, and lumber sprain as the conditions disabling claimant to an estimated return-to-work date of May 15, 2006. Under the objective findings, Dr. Marshall noted that his cervical exam reveals mild muscle spasm with paraspinal tenderness as well as cervical range of motion decreased 50 percent of normal, with pain. He noted further that she continued to have decreased L5 range of motion as well. Dr. Marshall completed a third C-84 dated April 24, 2006, listing neck sprain, back contusion and lumbar sprain and continuing claimant's disability through an estimated return-to-work date of July 3, 2006.
 {¶ 15} 8. At a hearing heard April 19, 2006 before a district hearing officer ("DHO"), claimant's claim was officially allowed for "neck sprain," and specifically disallowed for "lumbar sprain [and] back contusion." At that time, the DHO determined that claimant was entitled to TTD compensation beginning December 20, 2005 through April 19, 2006, based upon Dr. Choi's December 21, 2005 report, Dr. Reyes' March 2, 2006 records, and the initial treatment records from Fairview General Hospital.
 {¶ 16} 9. Dr. Marshall completed a final C-84 dated June 22, 2006, wherein he only listed claimant's neck sprain as the condition disabling her through an estimated return-to-work date of August 28, 2006. In his objective findings, Dr. Marshall noted that claimant had moderate paracervical muscle spasm, decreased range of motion 50 percent, pain and paracervical muscle spasm. *Page 10 
 {¶ 17} 10. Both relator and claimant appealed from the DHO's order and the matter was heard before a staff hearing officer ("SHO") on June 23, 2006. The SHO modified the prior DHO's order. The SHO allowed claimant's claim for neck sprain and specifically disallowed the claim for lumbar sprain and back contusion. The SHO awarded claimant TTD compensation beginning December 20, 2005 through April 19, 2006 and continuing. The SHO based the period of TTD compensation on Dr. Choi's December 21, 2005 record, Dr. Reyes' March 2, 2006 record, and the initial treatment records received from Fairview General Hospital.
 {¶ 18} 11. Relator appealed and, by order mailed September 8, 2006, the commission refused relator's appeal.
 {¶ 19} 12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 20} For the reasons that follow, it is this magistrate's conclusion that this court should issue a writ of mandamus, as more fully explained below.
 {¶ 21} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse *Page 11 
of discretion and mandamus is not appropriate. State ex rel. Lewis v.Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v.Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 22} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached MMI. See R.C. 4123.56(A);State ex rel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630.
 {¶ 23} In this mandamus action, relator contends that there is no evidence in the record from which the commission could have possibly concluded that claimant was entitled to any TTD compensation. Relator points out that claimant has had long-standing lower back problems and that is why the commission refused to allow her claim for lumbar sprain. Further, relator points out that all of the medical records reference both claimant's neck as well as her back. Further, relator points out that Dr. Marshall completed C-84s basing a period of temporary total disability on both claimant's neck and back conditions and then, in June 2006, completed another C-84 only referencing claimant's neck as a condition disabling her. *Page 12 
 {¶ 24} In response, the commission concedes that Dr. Reyes' C-84 and the records from Fairview General Hospital do not constitute some evidence upon which the commission could have relied to grant a period of TTD compensation because they deal primarily with nonallowed conditions. However, the commission argues that Dr. Choi's December 21, 2005 medical record clearly constitutes some evidence supporting the commission's decision. This magistrate disagrees.
 {¶ 25} As noted in the findings of fact, Dr. Choi's December 21, 2005 record is difficult to read. While it is true that Dr. Choi only notes pain and reduced range of motion in claimant's cervical region, the magistrate notes that Dr. Choi also indicated that claimant was "to go back to work" on "12/27/05." This statement is repeated on the December 21, 2005 note referenced in finding of fact two. As such, this does not constitute some evidence upon which the commission could rely in awarding claimant TTD compensation for more than four months.
 {¶ 26} Because the evidence cited by the commission in its order for granting claimant a period of TTD compensation cannot constitute some evidence upon which the commission could have relied, a writ of mandamus is appropriate remanding the matter back to the commission for further consideration of the issue.
 {¶ 27} Based on the foregoing, it is this magistrate's conclusion that this court should issue a writ of mandamus ordering the commission to vacate its order granting claimant TTD compensation and conduct any further proceedings consistent with this decision. *Page 1