[Cite as *State ex rel. Carlisle Brake & Friction v. Codney*, 2016-Ohio-7866.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Carlisle Brake & Friction (Friction Products Co.), | : | |
| | : | |
| Relator, | : | |
| | : | No. 15AP-1006 |
| v. | : | (REGULAR CALENDAR) |
| Joseph R. Codney, Sr. and Industrial Commission of Ohio, | : | |
| | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on November 22, 2016

**On brief:** *Roetzel & Andress, Robert E. Blackham, Timothy J. Webster,* and *Marcus A. Pringle,* for relator.

**On brief:** *Michael DeWine,* Attorney General, and *John R. Smart,* for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator, Carlisle Brake & Friction (Friction Products Co.) ("Carlisle"), initiated this original action requesting a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the April 6, 2015 order of its staff hearing officer ("SHO") that grants the form C-9 request for "TENS unit" medical supplies filed by respondent Joseph R. Codney, Sr. on January 7, 2015, and to enter an order denying that request.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued the appended decision,

which includes findings of fact and conclusions of law.  The magistrate concluded that the commission did not abuse its discretion in granting Codney's form C-9 request to receive TENS unit medical supplies because the form C-9 itself provides some evidence in support of the order.  Thus, the magistrate recommends this court deny Carlisle's request for a writ of mandamus.

{¶ 3}   Carlisle has filed the following objection to the magistrate's decision:

> The Magistrate's reliance on the December 20, 2014, C-9 as constituting "some evidence" supporting the April 6, 2015, order is misplaced.

{¶ 4}   Carlisle's objection lacks merit.  In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, the relator must show a clear legal right to the relief sought, the commission has a clear legal duty to provide such relief, and there is no plain and adequate remedy in the ordinary course of the law.  *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).  A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.  *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986).  However, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate.  *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987).

{¶ 5}   The form C-9 that Codney submitted on January 7, 2015, was completed by physician David Krahe, D.O., on October 20, 2014,[1] and seeks reimbursement for the requested TENS unit medical supplies.  At issue is whether that form, standing alone, constitutes some evidence in support of the SHO's order granting Codney's request for authorization to receive those supplies.

{¶ 6}   This court recently determined that a completed form C-9 constitutes a physician's certification and medical opinion that the requested services are reasonably related to the allowed conditions identified on the form and reasonably necessary for treatment of those conditions.  *State ex rel. Cooper Tire & Rubber Co. v. Bowers*, 10th

---

[1] The magistrate's decision states that this form C-9 was completed on December 20, 2014, but it was actually completed on October 20, 2014.

Dist. No. 14AP-331, 2015-Ohio-2240, ¶ 53-54. Although form C-9 does not include an express statement of this relation and necessity, such findings are implicit in a completed form C-9 identifying the allowed conditions as the basis for the request. *See Bowers* at ¶ 53. Here, Dr. Krahe listed within the "treating diagnosis" section of the form C-9 the ICD-9 code numbers that correspond to the allowed conditions. Thus, the form C-9 reflects Dr. Krahe's certification and medical opinion that the requested medical supplies are reasonably necessary and related to the allowed conditions of the claim. *See id.* Consistent with this court's decision in *Bowers*, we agree with the magistrate's determination that the form C-9 that Dr. Krahe completed, standing alone, provides some evidence in support of the SHO's order. Therefore, we find Carlisle's objection to the magistrate's decision to be meritless.

{¶ 7} Following our independent review of the record pursuant to Civ.R. 53, we find the magistrate correctly determined that Carlisle is not entitled to the requested writ of mandamus. The magistrate properly determined the facts and applied the pertinent law to the salient facts. Therefore, we adopt the magistrate's decision as our own, including the findings of fact (with the typographical correction noted above) and conclusions of law contained therein. Accordingly, we overrule Carlisle's objection to the magistrate's decision and deny its request for a writ of mandamus.

*Objection overruled;*
*writ of mandamus denied.*

TYACK and KLATT, JJ., concur.

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The State ex rel. Carlisle Brake & Friction    :
(Friction Products Co.)
                                               :

           Relator,                            :

                                               :
v.                                                          No.  15AP-1006
                                               :
Joseph R. Codney, Sr.                                      (REGULAR CALENDAR)
and                                            :
Industrial Commission of Ohio,

                                               :

           Respondents.                        :

                                               :

---

MAGISTRATE'S  DECISION

Rendered on July 25, 2016

---

*Roetzel & Andress, Robert E. Blackham, Timothy J. Webster,* and *Marcus A. Pringle,* for relator.

*Michael DeWine,* Attorney General, and *John R. Smart,* for respondent Industrial Commission of Ohio.

---

IN MANDAMUS

{¶ 8}   In this original action, relator, Carlisle Brake & Friction (Friction Products Co.) (hereinafter relator or Carlisle), requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission"), to vacate the April 6, 2015 order of its staff hearing officer ("SHO") that grants the January 7, 2015 motion and C-9 request for authorization of TENS unit supplies that was filed by respondent, Joseph R. Codney, Sr. ("claimant"), and to enter an order denying claimant's January 7, 2015 motion.

Findings of Fact:

{¶ 9} 1. On July 29, 2005, claimant sustained an industrial injury while employed as a machine operator for relator, a self-insured employer under Ohio's workers' compensation laws. Claimant reports that he was injured while putting plates on a table. He lost control of one of the plates and grabbed it with his right arm to avoid falling.

{¶ 10} 2. The industrial claim (No. 05-900881) is allowed for "impingement syndrome right shoulder; sprain/strain right trapezius muscle; neck sprain; thoracic sprain."

{¶ 11} 3. On June 23, 2014, treating physician David Krahe, D.O., completed a C-9 on which he requested authorization for TENS unit supplies and two leads once a month for six months.

{¶ 12} 4. Dr. Krahe's June 23, 2014 C-9 prompted relator to request an examination by Ira J. Ungar, M.D.

{¶ 13} 5. Following an August 13, 2014 examination, Dr. Ungar issued a five-page narrative report dated August 20, 2014, in which he opined:

> Mr. Codney has been using a TENS unit over nearly one decade and suggests that it helps modify his symptoms and reduce his use of medication.
>
> It is unusual that a TENS unit would be used for the allowed condition in this claim of trapezius muscle sprain, which is a self-limited soft-tissue condition or impingement syndrome, which is an activity related impingement of the rotator cuff. In general, if the arms are not used above chest level, impingement of the rotator cuff, when there are only mild findings on MRI, would be unlikely to cause ongoing symptomatology. In this way, a TENS unit is not supportable.
>
> Additionally and most notably, with reference to the Official Disability Guidelines in the shoulder subsection under transcutaneous electrical nerve stimulation, it is noted that a use of a TENS unit is not supported by high quality medical studies for use in chronic shoulder symptoms. It is suggested only for initial conservative treatment of acute shoulder symptoms.

> Therefore, based on the rationale as given above, with reference to the <u>Official Disability Guidelines</u>, there is no support for continued use of a TENS unit for the conditions that are allowed in this claim.

(Emphasis sic.)

{¶ 14} 6. By letter dated September 3, 2014, relator's third-party administrator, Spooner Incorporated, informed claimant that the C-9 was being denied based upon Dr. Ungar's report.

{¶ 15} 7. On December 12, 2014, Dr. Krahe wrote:

> Joseph is a long standing patient who has a chronic rotator cuff tendinopathy that has been treated in the past with a tens unit with excellent results. He is in need of continued treatment with the unit and the appropriate pads.

{¶ 16} 8. On December 20, 2014, Dr. Krahe completed another C-9 on which authorization was requested for "[TENS] Unit Electrodes and Pads" for a period of six months.

{¶ 17} 9. The parties agree that the December 20, 2014 C-9 correctly lists the ICD-9 code numbers that correspond to the allowed conditions of the claim. Those code numbers and their corresponding conditions are (726.2) right impingement syndrome; (840.8) right trapezius muscle sprain; (847.0) neck sprain; (847.1) sprain thoracic region. No other ICD-9 code numbers are listed other than the ICD-9 codes that correspond to the allowed conditions of the claim.

{¶ 18} 10. On January 7, 2015, on form C-86, claimant moved for authorization of "[TENS] unit and pads." In support, claimant cited to the "C9 and report from Dr. David H. Krahe."

{¶ 19} 11. Following a February 23, 2015 hearing, a district hearing officer ("DHO") issued an order granting claimant's January 7, 2015 motion. The DHO explained:

> It is ordered that the C-9 Request for Treatment filed 1/7/2015 for TENS unit supplies is granted according to the Bureau of Workers' Compensation guidelines.

It has been established that the requested treatment is necessary for treatment of the allowed conditions in this claim. The Injured Worker testified that the TENS unit is very effective and helps to alleviate the pain in his shoulder.

This finding is based upon the office note of David Krahe, D.O., dated 12/12/2014.

All the evidence available to the Industrial Commission was reviewed and considered in rendering this decision.

{¶ 20} 12. Relator administratively appealed the DHO's order of February 23, 2015.

{¶ 21} 13. Following an April 6, 2015 hearing, an SHO issued an order affirming the February 23, 2015 order of the DHO. The SHO's order of April 6, 2015 explains:

The C-9 Request for Medical Service Reimbursement or Recommendation for Additional Conditions for Industrial Injury or Occupational Disease, filed by the Injured Worker on 01/07/2015, requesting TENS unit supplies, is granted to the extent of this order.

Based on the medical documentation in file from David Krahe, D.O., dated 12/12/2014, and the Injured Worker's testimony at hearing concerning the benefit he gets from the TENS unit and the fact that he is unable to take pain medications that the Injured Worker is granted the authorization to receive the requested TENS unit supplies. Said supplies are to be authorized for a six month period.

{¶ 22} 14. On April 30, 2015, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of April 6, 2015.

{¶ 23} 15. On November 2, 2016, relator filed this mandamus action.

Conclusions of Law:

{¶ 24} The SHO's order of April 6, 2015 grants the request for TENS unit supplies based upon the C-9 itself, the December 12, 2014 note from Dr. Krahe, and claimant's hearing testimony. Undisputedly, Dr. Krahe's office note identifies a non-allowed condition, i.e., "chronic rotator cuff tendinopathy" that has been treated in the past with a TENS unit.

{¶ 25} The C-9 does not identify a non-allowed condition, but does correctly identify all the allowed conditions in the claim.

{¶ 26} Accordingly, the issue here is whether the C-9 itself is some evidence supporting the SHO's order notwithstanding the SHO's reliance upon Dr. Krahe's December 12, 2014 note that identifies a non-allowed condition.

{¶ 27} A claimant must always show the existence of a direct and proximate causal relationship between his or her industrial injury and the claimed disability. *State ex rel. Waddle v. Indus. Comm.*, 67 Ohio St.3d 452 (1993). Non-allowed medical conditions cannot be used to advance or defeat a claim for compensation. *Id.* The mere presence of a non-allowed condition in a claim for compensation does not, in itself, destroy the compensability of the claim, but the claimant must meet his burden of showing that an allowed condition independently caused the disability. *State ex rel. Bradley v. Indus. Comm.*, 77 Ohio St.3d 239 (1997).

{¶ 28} While it is undisputed that "chronic rotator cuff tendinopathy" is a non-allowed condition, *Bradley* tells us that the mere presence of this non-allowed condition does not, in itself, destroy the compensability of the claim.

{¶ 29} Here, the allowed conditions in the claim identified by Dr. Krahe in his December 20, 2014 C-9 can be independently causing a need for a TENS unit while the non-allowed rotator cuff condition also benefits from the TENS unit.

{¶ 30} Given the above analysis, the magistrate concludes that the C-9 request itself provides the some evidence supporting the April 6, 2015 order of the SHO who granted the C-9 request for authorization of TENS unit supplies. *See State ex rel. Cooper Tire & Rubber Co. v. Bowers,* 10th Dist. No. 14AP-331, 2015-Ohio-2240.

{¶ 31} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).