THE STATE EX REL. MIDMARK CORPORATION, APPELLEE AND CROSS-APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO; SERGENT, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex rel. Midmark Corp. v. Indus. Comm.* (1997), 78 Ohio St.3d 2.]

(No. 95–20—Submitted January 7, 1997—Decided March 12, 1997.)

4

6

8

*Pickrel, Schaeffer & Ebeling Co., L.P.A., David C. Korte* and *Mary L. Biagioli,* for appellee and cross-appellant.

*Larrimer & Larrimer* and *David H. Swanson,* for appellant and cross-appellee.

---

*Per Curiam.* Precipitating this dispute are the Gatens and surveillance reports. From this evidence, two issues arise: (1) Was the commission compelled to have Dr. Gatens view the videotape and prepare an amended report? and (2) Did the commission err in subsequently relying on the Gatens report? Midmark argues that the surveillance showed claimant capable of a wider variety of activity than he alleged in his application. In Midmark's view, the medical opinion rendered by Dr. Gatens without the benefit of videotape viewing was inherently unreliable, because the report was so tainted as to demand some sort of remedial

action, either by amendment or disqualification. In this case, we agree with the commission's decision.

Claimant did exaggerate his incapacity to examining physicians. At least two examiners felt that claimant was not completely forthright in his medical presentation. Surveillance information, moreover, contradicted many of the assertions made in claimant's permanent total disability application. This inconsistency, however, means little unless it contradicts claimant's contention that he cannot work or Gatens's conclusion that he is limited to sedentary work. The surveillance material does neither.

First, the material does not establish a medical capacity for work greater than sedentary. It simply shows claimant walking unassisted or doing fairly unstrenuous domestic chores. Moreover, the objective, documented presence of spondylolisthesis and herniated disc, as discussed by Dr. Gatens, belies an assertion that his opinion was based solely on claimant's exaggerated subjective complaints. Interestingly, Dr. Cunningham, who evaluated claimant on Midmark's behalf, saw the videotape and still assessed a fifty-percent permanent partial impairment— only ten percentage points removed from Dr. Gatens's sixty-percent figure.

Second, these documented activities, even if deemed inconsistent and work-amenable, do not establish that claimant can do *sustained* remunerative employment. Midmark's investigation spanned approximately fifteen months, yet it could show only five days in which claimant was performing allegedly questionable activities. There is no evidence of claimant's performing even any medium-exertion labor, nor is there any evidence of claimant's doing the recorded activity on anything other than rare occasions. The surveillance package, therefore, proved very little. Therefore, the commission did not abuse its discretion in accepting the Gatens report as valid.

Midmark's assertion of commission error is further undermined by Midmark's own inaction. Midmark, pursuant to Ohio Adm.Code 4121-3-09(B)(5), could have moved to depose Dr. Gatens in an effort to clarify his perceptions. It did not do so. Midmark's response that its investigation was not finished when Gatens issued his report ignores that the first period of surveillance was complete at that time. Thus, evidence of allegedly medically inconsistent activity already existed and could have prompted a timely request. Surveillance information from the first period alone was enough to generate a video review by Dr. Cunningham. Midmark could have done the same with Gatens.

We thus find that the commission did not abuse its discretion in not requiring that Dr. Gatens view the videotape and in relying on his report. The report is "some evidence" supporting the commission's order.

The judgment of the court of appeals is hereby reversed, and the order of the commission is reinstated.

*Judgment reversed*
*and order reinstated.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.