THE STATE EX REL. FRAZIER, APPELLEE, *v.* CONRAD, ADMR.,
OHIO BUREAU OF WORKERS' COMPENSATION, APPELLANT.

[Cite as *State ex rel. Frazier v. Conrad* (2000), 89 Ohio St.3d 166.]

(No. 98–2726—Submitted May 24, 2000—Decided June 21, 2000.)

*Betty D. Montgomery*, Attorney General, and *Julie M. Lynch*, Assistant Attorney General, for appellant.

*Scott M. Knisley Co., L.P.A.*, and *David L. Knisley;* and *James C. Becker*, for appellee.

---

**Per Curiam.** The court of appeals found that because Frazier had qualified for PTD, in part, based on his functional illiteracy, he continued to qualify for this compensation, even though he was physically capable of the labor-intensive duties required to install siding. We disagree and, accordingly, reverse.

In 1989, Frazier alleged that he was permanently and totally disabled because he could no longer perform duties requiring more than sedentary work due to his industrial injury. Frazier also maintained that (1) his employment experience had been entirely in the labor field as a truck driver or auto mechanic, and (2) although he was forty-one years old, he had only a sixth grade education and, consequently, could not be vocationally rehabilitated. The commission accepted Frazier's arguments. It granted Frazier PTD because he could not perform physically demanding duties and could not reasonably be taught the skill necessary to perform sedentary ones.

The commission seized on Frazier's intellectual capacity to assess whether he was realistically capable of sustained remunerative employment, but the foundation for the commission's award was Frazier's purported inability to perform tasks requiring physical labor. The bureau's surveillance and medical reports destroyed that foundation, and the commission credited those reports. See *State ex rel. Midmark Corp. v. Indus. Comm.* (1997), 78 Ohio St.3d 2, 11, 676 N.E.2d 73, 79 (Surveillance evidence that contradicts the contention that claimant is limited to sedentary duties can justify commission in terminating PTD.). Frazier might have submitted proof that notwithstanding his physical ability to install siding, his injury-induced condition still prevented him from engaging in sustained remunerative employment. But Frazier does not even make this claim. His argument is, instead, that he remained permanently and totally disabled until January 1997, because he had not acquired sufficient expertise to do physical labor as a subcontractor.

For this reason, we agree with the court of appeals' magistrate's finding that the physical capabilities Frazier admitted to having at least as of April 30, 1995, constituted some evidence for the commission's having terminated his PTD on that date. And contrary to the court of appeals' distinction, our decision is not

affected by whether Frazier was paid for the duties he performed before January 1997, or not. As the magistrate observed, the test for Frazier's continued PTD eligibility is not whether he actually performed sustained remunerative employment; the standard is whether Frazier was *capable* of sustained remunerative employment. *State ex rel. Hartness v. Kroger Co.* (1998), 81 Ohio St.3d 445, 448, 692 N.E.2d 181, 183. The evidence is uncontradicted in this case that Frazier was capable of working at some level in the labor field.

Accordingly, we hold that the commission had some evidence for terminating Frazier's PTD as of April 30, 1995, and for declaring an overpayment. Where the commission's decision is supported by some evidence, it cannot be disturbed in mandamus as an abuse of discretion. *State ex rel. Yancey v. Firestone Tire & Rubber Co.* (1997), 77 Ohio St.3d 367, 673 N.E.2d 1374. The court of appeals' judgment granting a writ of mandamus, therefore, is reversed.

*Judgment reversed*
*and writ denied.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents and would affirm the judgment of the court of appeals.