DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Doctors Hospital, has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order denying relator's request to exercise its continuing jurisdiction and to determine that respondent-claimant Josephine Slaughter be found to be no longer entitled to receive permanent total disability compensation and asking that respondent-commission further find that all such compensation previously paid as well as payments under the disabled workers' relief fund be declared overpaid.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals who issued a decision, including findings of fact and conclusions of law. The magistrate concluded in her decision (attached as Appendix A) that relator failed to demonstrate that the commission had abused its discretion and that this court should deny the requested relief.
 {¶ 3} Relator filed objections to the decision of the magistrate arguing that the magistrate erred in failing to find an abuse of discretion because new and changed circumstances existed and in finding that knowledge of claimant's criminal conduct was required to terminate her compensation. The first argument was addressed at length by the magistrate in her decision, correctly distinguishing the cases relied upon by relator. For the reasons stated in the decision of the magistrate, that objection is overruled.
 {¶ 4} The second objection mischaracterizes the decision of the magistrate. What the magistrate correctly held was:
Because claimant's date of injury predated the modification to R.C.4123.54(B), and because, at the time of her injury, incarceration did not serve to bar the payment of PTD compensation, relator has not demonstrated that the commission abused its discretion in refusing to exercise continuing jurisdiction and vacate its award of PTD compensation to claimant. * * * (Magistrate's Decision, at ¶ 28.) Relator's second objection is also overruled.
 {¶ 5} We note, however, that the most significant issue presented by the unusual and repugnant facts of this case, whether claimant's continuing award of compensation is proper in light of her "work activities" within the penal institution, is not before us. When considered previously by the commission on motion from the bureau, the motion was denied because the commission found insufficient medical evidence or surveillance data to establish that her "work activities" were inconsistent with the continuing receipt of permanent total disability compensation.
 {¶ 6} Following independent review pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. We, therefore, adopt her decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with that decision, the requested writ is denied.
Objections overruled; writ of mandamus denied.
Brown, P.J., and Sadler, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio, :
On the Relation of Doctors Hospital,
 :
 Relator, :
v. No. 03AP-1258
 :
The Industrial Commission of Ohio (REGULAR CALENDAR)
and Josephine Slaughter, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on May 14, 2004 Baker Hostetler, LLP, R. Christopher Doyle and William R. Post, for relator.
Jim Petro, Attorney General, and Gerald H. Waterman, for respondent Industrial Commission of Ohio.
Frank Vitale, for respondent Josephine Slaughter.
 IN MANDAMUS {¶ 7} Relator, Doctors Hospital, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order requesting that the commission exercise its continuing jurisdiction and determine that respondent Josephine Slaughter ("claimant") was no longer entitled to permanent total disability ("PTD") compensation and asking that the commission find that all PTD compensation and payments under the disabled workers' relief fund ("DWRF") be vacated and declared overpaid.
Findings of Fact:
 {¶ 8} 1. Claimant sustained a work-related injury on May 4, 1973, and her claim has been allowed for: "herniated nucleus pulposus L5 left; depressive neurosis."
 {¶ 9} 2. By order dated May 14, 1985, claimant was awarded PTD compensation and DWRF benefits.
 {¶ 10} 3. On May 2, 2000, claimant was incarcerated in the Ohio Reformatory for Women and sentenced to serve 20 years to life for the aggravated murder of Kathleen F. Davis, which had occurred on May 29, 1981.
 {¶ 11} 4. Relator became aware of claimant's incarceration in December 2000 and the Ohio Bureau of Workers' Compensation ("bureau") was notified and asked about the propriety of ongoing compensation payments.
 {¶ 12} 5. Relator filed a motion to vacate claimant's PTD award with the commission on January 25, 2002. The commission denied this motion and relator filed a mandamus action in this court in September 2002.
 {¶ 13} 6. In December 2002, relator voluntarily dismissed its complaint in mandamus because the bureau planned to seek the termination of claimant's PTD compensation on the grounds that claimant had a job in prison.
 {¶ 14} 7. By order dated February 11, 2003, a staff hearing officer ("SHO") denied the bureau's motion after finding that claimant's job in prison did not constitute sustained remunerative employment.
 {¶ 15} 8. On December 18, 2003, relator filed its mandamus complaint requesting that this court issue a writ of mandamus ordering the commission to vacate its order granting claimant PTD compensation as well as DWRF benefits.
Conclusions of Law:
 {¶ 16} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v.Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 17} In this mandamus action, relator contends that the commission's decision to deny relator's motion to vacate payments to claimant should either be vacated in its entirety or vacated and remanded to the commission for more further explanation. For the reasons that follow, this magistrate disagrees.
 {¶ 18} Pursuant to R.C. 4123.52:
The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * *
 {¶ 19} In State ex rel. B C Machine Co. v. Indus. Comm. (1992),65 Ohio St.3d 538, 541-542, the court examined the judicially-carved circumstances under which continuing jurisdiction may be exercised, and stated as follows:
R.C. 4123.52 contains a broad grant of authority. However, we are aware that the commission's continuing jurisdiction is not unlimited. See,e.g., State ex rel. Gatlin v. Yellow Freight System, Inc. (1985),18 Ohio St.3d 246 * * * (commission has inherent power to reconsider its order for a reasonable period of time absent statutory or administrative restrictions); State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston
(1979), 58 Ohio St.2d 132 * * * (just cause for modification of a prior order includes new and changed conditions); State ex rel. Weimer v.Indus. Comm. (1980), 62 Ohio St.2d 159 * * * (continuing jurisdiction exists when prior order is clearly a mistake of fact); State ex rel.Kilgore v. Indus. Comm. (1930), 123 Ohio St. 164 * * * (commission has continuing jurisdiction in cases involving fraud); State ex rel. Mannsv. Indus. Comm. (1988), 39 Ohio St.3d 188 * * * (an error by an inferior tribunal is a sufficient reason to invoke continuing jurisdiction); andState ex rel. Saunders v. Metal Container Corp. (1990), 52 Ohio St.3d 85
* * * (mistake must be "sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52"). Today, we expand the list set forth above and hold that the Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law. * * *
 {¶ 20} Relator cites certain cases in support of its argument that the commission had continuing jurisdiction over the instant action under the "new and changed circumstances" prerequisite. Relator cites State exrel. Alesci v. Indus. Comm., 97 Ohio St.3d 210, 2002-Ohio-5932, wherein the injured worker began receiving compensation in May 1989. In June 2000, the bureau moved to terminate the injured worker's PTD compensation and declare an overpayment where, after having been awarded PTD compensation, the injured worker was performing sustained remunerative employment. Because the commission granted the bureau's motion 11 years after the award of benefits was made to the injured worker, relator contends that the commission should have exercised its continuing jurisdiction in the present case. The injured worker's actions in Alesci
certainly demonstrated that she was able to perform some sustained remunerative employment and constitute grounds for exercising its continuing jurisdiction. However, the fact that claimant in the present case was later incarcerated did not constitute grounds for terminating her PTD compensation.
 {¶ 21} Relator also cites State ex rel. Frazier v. Conrad (2000),89 Ohio St.3d 166, where the bureau asked the commission to vacate the award of PTD compensation to an injured worker, eight years after it was granted, where that injured worker was found to be working installing siding for his brother's construction company. The commission vacated the award of PTD compensation and the Ohio Supreme Court agreed finding that the test was whether the injured worker was capable of sustained remunerative employment.
 {¶ 22} In the present case, the commission denied relator's motion stating that the request did not meet any of the criteria to warrant reconsideration. Relator contends that the commission's explanation was either insufficient, or simply wrong. As stated previously, this magistrate disagrees.
 {¶ 23} In State ex rel. Brown v. Indus. Comm. (1993), 68 Ohio St.3d 45, the issue before the court was whether the commission had improperly ordered a claimant's PTD compensation suspended while the claimant was incarcerated. The court found that the commission's order suspending claimant's compensation was contrary to law. The claimant had been injured in 1972 and the commission had awarded him PTD compensation in 1982. In 1989, the claimant was incarcerated and the commission ordered his PTD compensation suspended.
 {¶ 24} In finding that the commission's order was contrary to law, the court noted that the commission had relied on a portion of R.C. 4123.54(B) which was added to the statute effective August 22, 1986. That portion of the statute provided that compen-sation was not payable to a claimant during a time of confinement in a penal institution. However, because a claimant's entitlement to workers' compensation benefits is substantive and measured by the statutes enforced at the time of the injury rather than by statutes subsequently enacted, the court found that the portion of R.C. 4123.54(B) pertaining to compensation payable to a claimant during incarceration, was not applicable to the claimant's case since it was enacted after his date of injury. Therefore, for claimants whose injuries occurred prior to August 22, 1986, confinement in a penal institution does not constitute grounds upon which to suspend their PTD compensation.
 {¶ 25} In the present case, claimant's date of injury was 1973. As such, it was clear that there were no new and changed circumstances warranting the commission to exercise its continuing jurisdiction in this matter and the commission's order denying same was adequate.
 {¶ 26} In this mandamus action, relator points out that claimant committed a murder in 1981, approximately four years before PTD compensation was awarded. Relator argues that, by committing murder, claimant voluntarily abandoned the entire workforce and, as such, claimant was not entitled to the award of PTD compensation made in 1985. Relator cites cases where temporary total disability compensation has been denied to claimants who voluntarily abandoned their employment either through retirement or, due to some action on the claimants' part, they are terminated from their employment. However, the employee who violates a written work rule is not terminated from their employment unless the employee's actions are discovered by the employer and the employer takes action. For instance, if an employee uses illicit drugs and then is subjected to a random drug test where the employer discovers that the employee used the illicit drug, the employee could be terminated from their job. In that instance, the Ohio Supreme Court has held that the employee tacitly accepts the consequences of his behavior and that termination from employment is voluntary because the employee voluntarily used the illicit drugs. By comparison, another employee who uses illicit drugs and is not subjected to a random drug test is not terminated from his employment because the employer never knows. So, it is not only the act, but the knowledge of the act that warrants termination of the compensation.
 {¶ 27} In the present case, claimant paid her brother to murder an elderly woman in 1981. Claimant was awarded PTD compensation in 1985. Claimant's participation in the murder was not discovered until May 1998 when she was indicted on one count of aggravated murder. Claimant was found guilty of aggravated murder in April 2000 and was incarcerated for a minimum of 20 years. Claimant's participation in the murder was not discovered and proven until 19 years after the murder occurred and 15 years after PTD compensation was awarded. No matter how distasteful it is for relator to pay PTD compensation to a woman who is incarcerated, she was not convicted until after PTD compensation was awarded. As such, the commission did not abuse its discretion in refusing to exercise continuing jurisdiction and vacate the award of PTD compensation to claimant.
 {¶ 28} Because claimant's date of injury predated the modification to R.C. 4123.54(B), and because, at the time of her injury, incarceration did not serve to bar the payment of PTD compensation, relator has not demonstrated that the commission abused its discretion in refusing to exercise continuing jurisdiction and vacate its award of PTD compensation to claimant. As such, this court should deny relator's request for a writ of mandamus.