[Cite as *State ex rel. Lawson v. Indus. Comm.*, 2014-Ohio-4490.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Barbara Lawson, | : | |
| Relator-Appellant, | : | No. 13AP-1075 |
| | | (C.P.C. No. 10CVH-07-10621) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents-Appellees. | : | |

---

D E C I S I O N

Rendered on October 9, 2014

---

*Grubb & Associates, LPA*, and *Natalie F. Grubb*, for appellant.

*Mike DeWine*, Attorney General, and *Cheryl J. Nester*, for appellee Industrial Commission of Ohio.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Relator-appellant, Barbara Lawson, appeals from a judgment of the Franklin County Court of Common Pleas denying her request for a writ of mandamus to compel respondent-appellee Industrial Commission of Ohio ("commission") to vacate its order denying temporary total disability ("TTD") compensation based on the commission's finding that appellant had reached maximum medical improvement ("MMI").

{¶ 2} On July 20, 2010, appellant filed a petition with the trial court for a writ of mandamus against the commission and respondent-appellee Tada, Inc. ("Tada"). The parties filed a joint stipulation of evidence with the trial court from which the following facts are drawn. On July 19, 2008, appellant was injured while in the course and scope of

her employment with Tada.  Appellant filed a claim for compensation with the commission, which was allowed for sprain thoracic region, sprain lumbar region, and protruding disc.

{¶ 3}  In September 2009, the Ohio Bureau of Workers' Compensation ("BWC") obtained an independent medical examination from Dr. Kirby J. Flanagan who rendered an opinion that appellant had reached MMI.  In a patient progress report prepared September 29, 2009, appellant's then treating physician, Dr. David Wolf, opined that the patient's condition had plateaued.  On October 15, 2009, in response to an inquiry by the BWC, Dr. Wolf indicated that appellant had reached MMI.  The BWC subsequently moved to terminate appellant's TTD compensation.

{¶ 4}  On October 27, 2009, a district hearing officer ("DHO") issued an order terminating appellant's TTD compensation based on a determination that appellant had reached MMI.  Appellant filed an appeal from the order of the DHO, and a staff hearing officer ("SHO") conducted a hearing on November 30, 2009.  The SHO issued an order on November 30, 2009, affirming the order of the DHO.  The commission subsequently refused appellant's further appeal.

{¶ 5}  On December 17, 2009, appellant applied for a new period of TTD compensation beginning November 25, 2009 and continuing to January 25, 2010.  On March 11, 2010, a DHO issued an order denying the requested compensation.  On April 22, 2010, an SHO issued an order affirming the order of the DHO, and the commission denied appellant's further appeal.

{¶ 6}  Appellant subsequently filed her complaint for a writ of mandamus with the trial court.  In addition to the joint stipulation of evidence filed by the parties, appellant and the commission submitted briefs to the court.  By decision and entry filed December 2, 2013, the trial court denied appellant's request for a writ of mandamus.

{¶ 7}  On appeal, appellant sets forth the following two assignments of error for this court's review:

> 1. The Trial Court erred by affirming the Industrial Commission's denial of Relator's temporary total disability payments based upon evidence of Dr. Flannigan that Relator reached maximum medical improvement in conjunction with the opinion of one of Relator's former physicians of record that Relator had reached MMI.

2. The Trial Court erred by affirming the Industrial Commission's failure to consider additional treatments requested by Relator's physician, the Relator's physician's determination Claimant had not reached MMI, and the Industrial Commission[']s reliance on the *res judicata* "effect" of the prior MMI determination.

{¶ 8} Appellant's assignments of error are interrelated and will be considered together. Under the first assignment of error, appellant argues the trial court erred in failing to find the commission abused its discretion in ordering termination of TTD compensation based on a finding appellant had reached MMI. Under the second assignment of error, appellant contends the commission erred in denying her request for a new period of TTD compensation (beginning November 25, 2009) by failing to consider evidence of new and changed circumstances and by improperly giving res judicata effect to the earlier MMI determination.

{¶ 9} Under Ohio law, "[a] writ of mandamus will not be granted against the Industrial Commission unless the relator shows an abuse of discretion by the commission that creates a clear legal right to the relief sought and a clear legal duty by the commission to afford the relief." *State ex rel. Knapp v. Indus. Comm.,* 134 Ohio St.3d 134, 2012-Ohio-5379, ¶ 12, citing *State ex rel. Rouch v. Eagle Tool & Machine Co.,* 26 Ohio St.3d 197, 198 (1986). When a decision rendered by the commission "is supported by some evidence, it cannot be disturbed in mandamus as an abuse of discretion." *State ex rel. Frazier v. Conrad,* 89 Ohio St.3d 166, 169 (2000).

{¶ 10} In general, "[w]hen a claimant reaches maximum medical improvement, payment of temporary total disability compensation is barred." *State ex rel. Moore v. Internatl. Truck & Engine,* 116 Ohio St.3d 272, 2007-Ohio-6055, ¶ 35, citing R.C. 4123.56(A). However, the commission's continuing jurisdiction "allows for reinstatement of temporary total disability compensation after an MMI determination if new and changed circumstances warrant." *Id.* at ¶ 35.

{¶ 11} Appellant first contends that the DHO, in the October 27, 2009 order terminating TTD benefits, improperly relied on the MMI determination of Dr. Wolf. According to appellant, the commission ignored the fact that appellant had completed a

"Notice to Change Physician of Record" form, dated October 14, 2009, indicating she was changing her physician from Dr. Wolf to Dr. Kuschnir.[1]

{¶ 12} The stipulated record of evidence in this case indicates that the DHO and SHO cited the medical reports of both Dr. Wolf and Dr. Flanagan as supporting a determination that appellant had reached MMI.  Dr. Flanagan, who conducted an independent medical examination of appellant (on September 3, 2009) at the request of the BWC, opined that appellant had reached MMI for the allowed condition.  On September 29, 2009, Dr. Wolf, then appellant's treating physician, indicated in a patient progress report that the "patient's condition has plateaued," and that "[t]reatment will be discontinued to assess patient's response to care withdrawal.  Patient's condition has stabilized with recommendation to enter vocational rehab."  The BWC subsequently requested that Dr. Wolf specify whether he believed appellant had reached MMI.  In a statement dated October 15, 2009, Dr. Wolf confirmed that the patient had reached MMI.

{¶ 13} In the SHO's November 30, 2009 order, affirming the DHO's October 27, 2009 order, the SHO affirmatively relied on the independent medical examination report of Dr. Flanagan in finding that appellant had reached MMI, citing, in part, the following evidence:

> The Staff Hearing Officer relies on the Bureau of Workers' Compensation independent medical examination report of Dr. Flanagan dated 09/12/2009 in rendering this decision. Dr. Flanagan noted that the Injured Worker has had extensive conservative medical care including extensive chiropractic treatment, two rounds of physical therapy, and one round of aqua therapy.  Dr. Flanagan opined that no other active treatment is medically necessary to treat the allowed conditions * * * and opined that the Injured Worker had reached maximum medical improvement.

{¶ 14} With respect to the change of physician form submitted by appellant, the SHO observed: "The Injured Worker had filed a change of physicians to Dr. Kuschnir from Dr. Wolf which change of physicians never occurred.  The change of physicians is dated 10/14/2009 but was not filed by the Injured Worker into the claim file until 10/27/2009.  As such, the Injured Worker's argument that Dr. Wolf was not the physician

---

[1] We note the stipulated record of proceedings contains no medical opinion evidence offered by Dr. Kuschnir.  The record reflects that appellant's new treating physician, for purposes of the request for TTD compensation for the period from November 25, 2009 to January 25, 2010, was Dr. Michael Viau.

of record on 10/15/2009 is not found to be persuasive."  The SHO further observed that Dr. Michael Viau "was not approved as the physician of record until 10/30/2009."

{¶ 15} While appellant disputes the commission's reliance on Dr. Wolf's opinion that appellant had reached MMI, appellant does not challenge the report of the independent physician, Dr. Flanagan, who similarly opined that she had reached MMI. The trial court, in addressing appellant's contention that the commission erred in considering the report of Dr. Wolf, noted that appellant's argument "overlooks Dr. Flanagan's similar report and the ability of the [commission] to have made the decision on Dr. Flanagan's findings." Upon review, we agree with the trial court that the report of Dr. Flanagan, standing alone, constitutes some evidence to support a finding that appellant had reached MMI.  Accordingly, the trial court did not err in failing to find the commission abused its discretion in terminating TTD compensation on grounds that the allowed conditions had reached MMI.

{¶ 16} Appellant further contends, with respect to the new C-84 request for TTD compensation beginning November 25, 2009, that the commission improperly barred such request by giving res judicata effect to the earlier MMI determination.  Appellant argues the commission's action was in contravention of the Supreme Court of Ohio's decision in *State ex rel. Bing v. Indus. Comm.,* 61 Ohio St.3d 424 (1991).

{¶ 17} In *Bing,* the Supreme Court "recognized that claimants who had previously been declared as MMI could experience temporary exacerbation of their condition that justified further treatment or even temporary total disability compensation, as the claimant struggled to recover his or her previous level of well-being." *State ex rel. Conrad v. Indus. Comm.,* 88 Ohio St.3d 413, 415-16 (2000), citing *Bing.*  Thus, "a temporary worsening, or flare-up, of a claimant's condition can warrant renewed temporary total disability compensation as the claimant struggles to return to the former baseline." *State ex rel. Barnes v. Indus. Comm.,* 114 Ohio St.3d 444, 2007-Ohio-4557, ¶ 15, citing *Bing* at 427.  However, "[a] mere increase in treatment or change in the treatment method does not * * * automatically compel renewed temporary total compensation," and "[i]ncreased or different treatment does not automatically establish that the claimant's condition has worsened." *Id.* at ¶ 15.

{¶ 18} In the instant case, the trial court addressed appellant's res judicata argument, finding the facts of *Bing,* in which "there was a documented temporary flare-

up," to be distinguishable from appellant's circumstances. The trial court further noted that the SHO "had the prior medical records and the new MRI to rely upon" in concluding there had been no change in circumstances; the court also observed that the SHO had evidence that "the new treatment" advanced by appellant to show she had not reached MMI "was in fact treatment for an injury that had not been allowed at the time of the decision." Finally, the trial court found "no evidence that the SHO failed to review the medical records and arguments," and "no evidence that the SHO just accepted the decision based on the prior determination to end TTD."

{¶ 19} Based on this court's review, we agree with the trial court's determination that the commission did not ignore the evidence presented, nor did the commission deny the renewed request for TTD compensation by improperly giving res judicata effect to the prior MMI determination. The stipulated record indicates that the DHO, in denying appellant's request for a new period of TTD, addressed the issue of new and changed circumstances, noting that the injured worker changed physicians (to Dr. Viau, effective November 25, 2009) and "received three epidural injections, which were of no benefit to the Injured Worker." The DHO further noted that, although appellant testified that Dr. Viau "is suggesting that she undergo fusion at the L4 level," the DHO "does not find that any C-9 has been submitted thereby requesting surgical intervention." In affirming the order of the DHO, the SHO addressed appellant's contention that her new physician, Dr. Viau, had recommended surgery, noting that a "review of Dr. Viau's treatment records reflects that while surgery is an option, it is not presently recommended." The SHO further noted that the "04/19/2010 treatment record of Dr. Viau concurs with the second opinion obtained from Dr. Donich," a neurosurgeon, that appellant pursue surgery only as a last resort and that Dr. Viau indicated "that conservative treatment was recommended." Finally, the SHO found it "significant" that the treatment records of Dr. Viau "reflect that he is also treating [appellant] for disc pathology at the L5-S1 level" and that "[n]o condition involving the L5-S1 level is presently recognized in this claim."

{¶ 20} Here, appellant's contention that the commission ignored the evidence presented, and merely based its denial of the request for new TTD compensation on the prior determination of MMI, is not supported by the record. Accordingly, the trial court did not err in its determination that appellant failed to demonstrate an abuse of discretion by the commission nor a clear legal right to the requested writ of mandamus.

{¶ 21} Based on the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

SADLER, P.J., and LUPER SCHUSTER, J., concur.

_____